611 P.2d 90

STATE of Arizona, Appellee,

v.

John Henry KNAPP, Appellant.

No. 3106.

Supreme Court of Arizona,
En Banc.

Dec. 18, 1979.

Rehearing Denied Jan. 8, 1980.

Bruce E. Babbitt, John A. LaSota, Jr., Former Attys. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer III, Frank T. Galati and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

James Hamilton Kemper and Don Bennett Moon, Phoenix, for appellant.

HAYS, Justice.

On November 19, 1974, defendant-appellant, John Henry Knapp, was adjudged guilty on two counts of first-degree murder and was thereafter sentenced to death. This court affirmed both the sentence and the conviction. [*State v. Knapp*, 114 Ariz. 531, 562 P.2d 704 (1977), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978)]. We subsequently vacated the death penalty pursuant to *State v. Watson*, 120 Ariz. 441, 586 P.2d 1253 (1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979), and remanded for resentencing. Appellant again received the death penalty, from which he now appeals.

The majority of appellant's contentions having been previously raised and disposed

**504**

of in *Watson, supra,* we are called upon to determine only two other issues on appeal:

1) whether the finding of one aggravating and one mitigating circumstance prohibits the imposition of the death penalty.

2) whether the sentencing judge should have been disqualified.

## IMPOSITION OF THE DEATH PENALTY

At appellant's resentencing, the trial court noted the existence of one aggravating factor, *i. e.,* that the crime was committed in an especially cruel and heinous fashion, and one mitigating factor, *i. e.,* that appellant had no prior criminal record. Appellant would have us hold that where, as here, the sentencing authority finds the existence of only one aggravating and one mitigating factor, it must, as a matter of law, consider them of equal significance and may thus impose only life imprisonment. Appellant cites no authority in support of this position and we have found none. Moreover, appellant's conclusion ignores the mandate of our death penalty statute. A.R.S. § 13–703(E) requires the imposition of the death penalty ". . . if the court finds one or more of the aggravating circumstances enumerated in subsection F of this section and that there are no mitigating circumstances <u>sufficiently substantial to call for leniency</u>" (emphasis added). The underscored language is unequivocal in requiring the existence of more than simply any mitigating factor, but instead requires one significant enough to necessitate clemency.

## DISQUALIFICATION OF THE SENTENCING JUDGE

Appellant next assigns as error a comment made by the trial judge at the original sentencing hearing. A.R.S. § 13–454(F) of Arizona's death penalty statute, as it existed at that time, contained a precise list of permissible mitigating factors which specifically confined the discretion of the sentencing authority within defined limits. *State v. Richmond,* 114 Ariz. 186,

560 P.2d 41 (1976), *cert. denied,* 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1101 (1977). Notwithstanding this enactment, defense counsel requested the trial court to consider in mitigation the fact there was still considerable doubt as to appellant's guilt, a factor not permissibly entertained under § 13–454(F). The sentencing judge indicated that, having found the existence of one aggravating and no mitigating circumstances, he had no discretion under A.R.S. § 13–454(D) [currently A.R.S. § 13–703(E), *supra*], but went on to note:

"I must say, though, if I had discretion I would enter the same judgment that I am about to enter. I feel you're guilty."

In *Watson, supra,* we held that the trial court must be allowed to consider any relevant mitigating factors in determining appropriate sentence. Appellant alleges that based upon the judge's comments, allowing him, the original sentencing authority, to preside over a second sentencing proceeding, violates the well-established prohibition against permitting even the appearance of partiality. *Taylor v. Hayes,* 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974). We cannot agree.

While we have recognized the principle urged upon us as fundamental, *see State v. Latigue,* 108 Ariz. 521, 502 P.2d 1340 (1972); *State v. Brown,* 124 Ariz. 97, 602 P.2d 478 (1979), in our opinion, when scrutinized in context, the commentary of the sentencing authority amounted to little more than an expression of his view of the appropriate punishment based upon the facts before him, and gave no indication of prejudice.

Initially, the record establishes that defense counsel spent a significant portion of the sentencing proceeding strenuously urging the trial court to consider in mitigation the doubt surrounding appellant's guilt. We quote from the transcripts:

[DEFENSE COUNSEL]:

.    .    .    .    .

You know as well as I do there is tremendous question in this case, and I think you'd be in a sorry position some months or years down the road to be sitting on a

porch or on a park bench some place and have a question pop into your mind about, gee, I wonder why—I wonder why [the victims] didn't die right away if [appellant] was really guilty of setting that fire. I wonder why . . . all the other questions . . . were unanswered.

Certainly, you must take these things into consideration in imposing penalty here. There may not be a statutory provision for it, but who cares? Who cares for statutes? I could care less about the statutes at this point. I'm talking about reality. How can you hand down a death penalty on a man when there is some questions [sic] still looming in the case . . . ? Even though that may not be material in the trial it's got to be material in your conscience.

It was only in response to repeated similar arguments that the comment in dispute was uttered. We find it of additional significance that the sentencing judge, upon his own motion, questioned defense counsel as to whether or not he had examined the presentence report and, upon receiving a negative reply, recessed the proceedings in order for this to be accomplished.

It thus appears to us that, when viewed in perspective, the trial judge suggested merely that, based upon the evidence before him, given discretion, he would have imposed the same penalty and not, as appellant contends, that the same sentence would have been mandated no matter what new information was provided. In our opinion, such conviction in the mind of the judge, based, as it was, upon his observation of the witnesses and other evidence, does not amount to such appearance of partiality as requires a disqualification. Were we to hold otherwise, every trial wherein a verdict of guilty is returned would require sentencing by a judge who has not heard the evidence and upheld the verdict by his post-verdict rulings.

The sentence of the trial court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.