618 P.2d 235

**STATE of Arizona, Appellee,**

v.

**John Henry KNAPP, Appellant.**

**No. 3106.**

Supreme Court of Arizona,
En Banc.

Sept. 26, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Jessica Gifford, Asst. Attys. Gen., Phoenix, for appellee.

James Hamilton Kemper, Phoenix, for appellant.

## SUPPLEMENTAL OPINION

HAYS, Justice.

This opinion is supplemental to our decision in *State v. Knapp,* 125 Ariz. 503, 611 P.2d 90 (1979), wherein we affirmed appellant's death sentence upon review pursuant to *State v. Watson,* 120 Ariz. 441, 586 P.2d 1253 (1978), *cert. denied,* 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979). Appellate review of appellant's petition for post–conviction relief was consolidated with our reconsideration of the death sentence, but our decision herein has been delayed because of the tardiness of appellant's counsel in filing his memorandum. Taking jurisdiction pursuant to A.R.S. § 13–4031, we affirm the order denying appellant's petition for post–conviction relief.

The facts of this case are more fully set forth in *State v. Knapp,* 114 Ariz. 531, 562 P.2d 704 (1977), *cert. denied,* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978), where we affirmed appellant's conviction of two counts of first–degree murder. Essentially, appellant was convicted of murdering his two daughters by setting fire to their bedroom. In his petition for post–conviction relief, appellant claimed that newly discovered evidence warrants a new trial. We disagree.

Appellant filed his petition for post–conviction relief pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 32.1(e), which may require a conviction or sentence to be vacated if newly discovered material facts exist. To decide whether a new trial should be granted, the trial judge considers the new evidence in light of:

"(1) The probability that such facts, if introduced would have changed the verdict, finding or sentence;

"(2) The diligence which would have been required to discover and produce the evidence at trial;

"(3) The promptness with which the petitioner has commenced a proceeding after discovery of such facts,"

17 A.R.S. Rules of Criminal Procedure, rule 32.1(e). The decision to grant a new trial based on newly discovered evidence is largely within the discretion of the trial judge and will not be disturbed on appeal unless abuse of discretion affirmatively appears from the record. *State v. Austin,* 124 Ariz. 231, 603 P.2d 502 (1979), *cert. denied,* 446 U.S. 911, 100 S.Ct. 1841, 64 L.Ed.2d 264 (1980); *State v. Macumber,* 119 Ariz. 516, 582 P.2d 162, *cert. denied,* 439 U.S. 1009, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978); *State v. Scott,* 113 Ariz. 423, 555 P.2d 1117 (1976).

The evidence appellant contends supports his claim for a new trial derives from testimony taken at a hearing in connection with his petition for post–conviction relief and concerns the role of appellant's wife, Linda, in the murders. One witness testified he saw Linda Knapp carrying a Coleman fuel can the afternoon before the fire and that he saw her outside the house in the morning before the fire started. Another witness saw Linda Knapp carry a gasoline can up to a service station and place it beside one of the pumps on the day before the fire. There was testimony that Linda Knapp said she started the fire by dropping a lighted cigarette on the living room sofa and testimony to the contrary that appellant started the fire but that she accidently doused the fire with gasoline instead of water. Finally, there was expert testimony, which proved to be inconclusive, attempting to establish whether gasoline or Coleman fuel was thrown on the fire.

At best this evidence relates a version of the evidence which inculpates Linda Knapp but does nothing to exculpate appellant. It cannot be said that the newly discovered evidence, if introduced at a new trial, would probably change the verdict. 17 A.R.S. Rules of Criminal Procedure, rule 32.1(e)(1); *State v. Austin, supra; State v. Mann,* 117 Ariz. 517, 573 P.2d 917 (App.1977).

The order denying appellant's petition for post–conviction relief is affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.