The subject matter of this case is an oil fire (resulting from the collision in navigable waters near Philadelphia of two non-government vessels, one of which was discharging oil at the time) in fighting which the Coast Guard participated along with local firefighters; in the course of fighting the fire a substantial amount of plaintiffs firefighting foam was used, and after the fire a quantity of the unused foam found its way into Coast Guard hands and was disposed of by that agency. Plaintiff sues for the value of the foam used at the fire or thereafter retained by the Coast Guard. Although there obviously are some disputes of hard fact, defendant has chosen in its motion for summary judgment, which is now before us, to concede (for the purposes of the motion only) the plaintiffs version of the hard facts and to rely at this stage on what it conceives to be "legal” defenses. Plaintiffs position is that a trial should be had.
In general, the version of the hard facts which defendant assumes for present purposes is this: The Coast Guard was directly involved in the .fighting of the fire (through an officer and two enlisted men — one a reserve chief petty officer); plaintiffs personnel voluntarily brought the foam to the scene of the fire; through the chief petty officer the Coast Guard assumed command of the firefighting operations and directed (again through the chief petty officer but with the officer’s approval) that the foam be used, "suggesting” that the Coast Guard would pay for the foam from pollution control funds; the Coast Guard personnel were at all relevant times aware of plaintiffs ownership of the foam; after the fire a substantial number of unused cans of foam were removed by the Coast Guard to its own facility or "donated” by the Coast Guard to a local fire company; the Coast Guard has never paid for the foam used or taken away.
The sole defenses at this stage are that (a) none of the Coast Guard personnel at the fire had any authority to contract, either expressly or impliedly, for any use of the *707 foam at the site or otherwise; (b) if any contract did arise in the circumstances, it was an oral contract and unenforceable under 31 U.S.C. § 200; and (c) the foam taken after the fire could not, in any event, be paid for from pollution control funds because not expended during the oil removal process itself.
We consider that a trial (or comparable proceedings) should be had to determine the authority of the Coast Guard personnel, present at the fire-site, with respect to use at that time of necessary or appropriate fire-fighting foam then available, and also to decide whether a contract-implied-in-fact arose in the circumstances. Defendant thinks it sufficient to show us that none of the three coast Guardsmen at the fire-site had previously been formally designated as a contracting officer. But nevertheless it may turn out, when the facts and circumstances are fully canvassed, that it was inherent or implied in the authority of the federal personnel acting in such emergency firefighting situations to procure and use on the spot the necessary or appropriate fire-fighting supplies. Cf. Eyherabide v. United States, 170 Ct. Cl. 598, 606-07, 345 F. 2d 565, 570 (1965). There is also authority in this court and elsewhere for finding implied authority or ratification, in proper circumstances, where the Government has or takes the benefit of another’s property.[1]
As for 31 U.S.C. § 200, we have recently held that that statute, even if it prohibits express oral contracts with the Government, does not preclude proof of a contract implied-in-fact arising from the totality of the circumstances. Narva Harris Constr. Corp. v. United States, 216 Ct. Cl. 238, 574 F. 2d 508 (1978). That decision calls for full ventilation of the facts in the present case. Defendant’s minor point that the oil-and-water pollution statute, 33 U.S.C. § 1321, does not permit recovery for supplies not expended during the oil removal process we also leave to the Trial Division.
We do not intimate in any way that plaintiff is or is not entitled to recover. We merely deny defendant’s motion for summary judgment without prejudice, and return the case *708 for trial or other fact-finding proceedings. Even with defendant’s conditional "concession” of the hard facts, this is not a case for summary judgment.
IT IS THEREFORE.. ORDERED AND CONCLUDED, without . oral argument, that 'defendant’s motion| for summary judgment is denied ‘ without prejudice and the case is returned to the Trial Division for trial or other fact-finding proceedings.

 See Prestex, Inc. v. United States, 162 Ct. Cl. 620, 628-30, 320 F. 2d 367, 373-74 (1963); New York Mail & Newspaper Transp. Co. v. United States, 139 Ct. Cl. 751, 154 F. Supp. 271, cert. denied, 355 U.S. 904 (1957); Oro Fino Consolidated Mines, Inc. v. United States, 118 Ct. Cl. 18, 23, 92 F. Supp. 1016, 1019 (1950), cert. denied, 341 U.S. 948 (1951); Forest of Dean Iron Ore Co. v. United States, 106 Ct. Cl. 250, 65 F. Supp. 585 (1946); Silberman v. United States, 71 F. Supp. 895, 896 (D. Mass. 1947); Ivey v. United States, 88 F. Supp. 6, 8-9 (E.D. Tenn. 1950).