UNITED, STATES

v.

**Staff Sergeant Rodney K. TAYLOR, FR 104–58–8655, United States Air Force.**

**ACM 27726.**

**Misc. No. 89–05.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 Dec. 1988.

Decided 10 May 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Darla G. Orndorff.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Colonel Robert E. Giovagnoni; Major Paul H. Blackwell, Jr.; Major Terry M. Petrie; Captain Morris D. Davis; Captain David G. Nix and Lieutenant Colonel Joseph J. Urban, USAFR.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

## DECISION AND ACTION ON PETITION FOR NEW TRIAL

KASTL, Senior Judge:

Staff Sergeant Taylor petitions us for a new trial under Article 73, UCMJ, 10 U.S.C. § 873. Instead, we will order a hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). The results of this *DuBay* hearing will likely impact upon our eventual disposition of the petition for new trial under Article 73.

### I

██ Sergeant Taylor was convicted by a general court-martial with members of rape and indecent acts upon his stepdaughter, MC. She was between 12 and 14 at the time. These are violations of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934. His approved sentence is a dishonorable discharge, seven years confinement, total forfeitures, and reduction to airman basic.

MC was the principal prosecution witness at the appellant's trial. After trial, she recanted in a letter to Taylor's trial defense counsel. She stated that she had lied and that Taylor had not raped her. She has supplied an affidavit to that effect.

We granted oral argument on this matter. Taylor's appellate counsel argued that there were five significant factors surrounding MC's recantation which should lead us to grant relief. First, MC acted suspiciously at trial; she caused a commotion and tried to avoid testifying. Second, Mrs. Taylor intercepted a letter supposedly written by MC to a boyfriend which suggested that he—not Taylor—was her sexual partner and the father of MC's unborn child. Third, no physical evidence indicated trauma or scarring, which might exist if the sexual events happened as MC claimed. Fourth, statistically, MC probably would have gotten pregnant much earlier if she and Taylor regularly had engaged in sexual relations over a lengthy time, as MC maintained. Finally, the appellant had volunteered for a Government-run DNA test; he argues the test would have proved he was not the father but the Government bungled the testing procedures.

### II

In assessing petitions for a new trial, appellate courts are skeptical of recanting witnesses. As the Court of Military Appeals pointed out in *United States v. Bacon*, 12 M.J. 489, 492 (C.M.A.1982), post-trial attempts at exoneration "should be viewed with extreme suspicion."

Our own Court has written at some length in *United States v. Morris*, 13 M.J. 666, 669 (A.F.C.M.R.1982). Chief Judge Hodgson noted that:

> [S]uch statements should be looked at with particular skepticism when the declarant is no longer subject to the court's jurisdiction. As always, when a new trial is sought on the ground that a witness has subsequently stated that the testimony given at trial was perjured, the question is, when did the witness tell the truth?

*See also United States v. Murphy*, 15 C.M.R. 448 (A.B.R.1954).

### III

Appellate defense counsel suggests that a *DuBay* hearing is a viable alternative to a new trial. At such a hearing, says the defense, MC could present her story under oath and subject to cross-examination, and the truth could emerge. On the facts of this case, we find merit in the suggestion.

██ A military accused carries a heavier burden than his/her civilian counterpart when it comes to new trials. In civilian practice, motions for a new trial are addressed to a trial court of unlimited dura-

**1010**

tion. We have no such "standing courts" in military law. *Thus, a military petitioner—unlike a civilian—can only succeed if he or she carries the burden of persuasion at the appellate level, where the standard may be considerably different than before a trial judge.* *See* Annot., 51 A.L.R.3d 907, 909 (1973).

Military accuseds should fare no worse than their civilian counterparts. We will order a *DuBay* hearing. *See United States v. Scaff*, 29 M.J. 60, 67 (C.M.A.1989); *United States v. Ultsch*, 27 M.J. 5 (C.M.A. 1988) (Sum.Dis.); *see generally* Moyer, *Justice and the Military* (1972) 661–662.

We direct that the hearing be conducted by Judge Linda Carter, who presided over the appellant's trial. She is in an advantageous position to compare the credibility of the recanting prosecutrix at the *DuBay* hearing with her credibility at trial. We urge the trial judge to make whatever detailed specific findings of fact are possible as to credibility, as well as upon any other aspects of the case which might be useful to resolution of this issue.\* Guidance on conducting *DuBay* hearings is found in *Scaff*, 29 M.J. at 67 and Peace, *Post–Trial Proceedings*, Army Lawyer (October 1985) 20, 22 and need not be repeated here.

Let us not be misunderstood as to the meaning of our action today for this petitioner or others. We are not announcing a new principle of law in this case. Neither are we lowering traditional standards so that every dissatisfied appellant can come before us expecting to win a new day in court because he is disappointed with the results of trial. We will continue to monitor requests for a new trial on a case by case basis. Here, simply stated, the appellant has raised data meriting a *DuBay*-type inquiry.

The record of trial is returned to the Judge Advocate General for referral to a convening authority for purposes of directing a hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). The military judge will return the record of trial, together with findings and conclusions, to this Court for further review within 60 days from issuance of this opinion, unless an enlargement of time has been granted.

Judge MURDOCK concurs.

Senior Judge BLOMMERS (dissenting):

In my judgment there is sufficient evidence of record, including the post-trial matters submitted to the convening authority and this Court, upon which to decide the merits of the appellant's petition for a new trial as well as all other issues raised. Articles 66(c) and 73, UCMJ, 10 U.S.C. § 866(c). I find a *DuBay* hearing to be unnecessary.

\* *See*, for example, *State v. Tharp*, 372 N.W.2d 280, 284 (Iowa App.1985); *Godfrey v. United States*, 454 A.2d 293, 300–301 (D.C.App.1982); *Arizona v. Scott*, 113 Ariz. 423, 555 P.2d 1117, 1120 (1976).