Willie D. BARTH, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 474–87C.

United States Claims Court.

Jan. 9, 1992.

Brian D. West, Vienna, Va., for plaintiff. Sandground, Barondess & West, P.C., of counsel.

John S. Groat, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant. David M. Cohen, Director, James M. Kinsella, Asst. Director, and Major Darrell Sechrest, Dept. of Air Force, of counsel.

## OPINION & ORDER

FUTEY, Judge.

This military-pay and reinstatement case is before the court on cross-motions for summary judgment. Plaintiff, a former first lieutenant in the Air Force, alleges that defendant acted arbitrarily and capriciously when it denied, without a hearing, plaintiff's application for reinstatement. Plaintiff requests back pay, costs and attorney's fees. In addition, plaintiff asks that this court order the Air Force to expunge from plaintiff's records all documents relating to her dismissal.

On its cross-motion for summary judgment, defendant maintains that plaintiff cannot demonstrate by clear and convincing evidence that the correction board

erred. Defendant contends that there are no material issues of fact and it is entitled to summary judgment as a matter of law.

### Factual Background

Plaintiff, Willie D. Barth, was commissioned as a second lieutenant with the Air Force Reserve on July 15, 1980. On April 26, 1983, the Air Force informed plaintiff that it was initiating administrative discharge proceedings against her under Air Force Regulation (AFR) 36–2 (August 2, 1976). The proceedings were initiated after two female Air Force personnel accused plaintiff of homosexual conduct.

Subsequently, a Board of Inquiry (BOI) was convened on October 3, 1983, to consider the charges against plaintiff. At the hearing, the board heard testimony from various military personnel, including plaintiff's two principal accusers. Airman Chuck (Chuck) testified that plaintiff had tried to force her into homosexual acts after driving her home from a party.[1] In addition, former lieutenant Yaar (Yaar) testified that on one occasion, plaintiff had kissed her toe, and later suggested a homosexual relationship.[2] After lengthy testimony, a decision was rendered on October 5, 1983, finding that plaintiff did commit the alleged acts. Consequently, the board recommended that plaintiff be given a general discharge under honorable conditions.

The case was considered by the Air Force Board of Review (AFBR) on March 29, 1984. The AFBR reviewed the findings of the BOI and determined that plaintiff should not be retained by the Air Force. The review board recommended a general discharge and termination of plaintiff's appointments and commissions.

On April 4, 1984, the deputy of the AFBR ordered that plaintiff be given a general discharge and that her appointment as a first lieutenant in the Air Force Reserve be terminated. Plaintiff subsequently applied for a correction of her military record pursuant to 10 U.S.C. § 1552 (1982) with the Air Force Board for Correction of Military Records (AFBCMR).[3] On March 20, 1986, the AFBCMR denied plaintiff's request to overturn the decision of the BOI.

Plaintiff filed this complaint with the court on August 11, 1987. Pursuant to an order of this court on August 9, 1989, proceedings were suspended while plaintiff applied to the AFBCMR for reconsideration based upon new evidence. On February 1, 1991, the AFBCMR denied plaintiff's application without a hearing.

On July 24, 1991, plaintiff filed a motion for summary judgment claiming that the decision of the AFBCMR was arbitrary, capricious, clearly erroneous and not supported by substantial evidence. Plaintiff requests that this court order defendant to reinstate plaintiff, award back pay, costs and attorney's fees. On its cross-motion for summary judgement, defendant maintains that plaintiff cannot demonstrate by clear and convincing evidence that the AFBCMR erred as a matter of law.

### Discussion

#### I. Summary Judgment

Although plaintiff brings a single claim, it is more properly categorized as two claims. First, plaintiff challenges the defendant's denial of reconsideration without a hearing. Secondly, plaintiff maintains that the AFBCMR's refusal to set aside the BOI's prior decision was incorrect as it was "rendered upon a coercively obtained and

---

1. Board of Inquiry Proceedings, p. 57–65.

2. Board of Inquiry Proceedings, p. 115, 121.

3. In this application, plaintiff alleged, *inter alia,* that Airman Chuck (Chuck) was untrustworthy because she had, at one point, accused another member of the military with making obscene phone calls to her when, in fact, her phone was not in working order. Also, plaintiff included a statement by Janice M. Corbett (Corbett), who

maintains that she was threatened by Chuck after Chuck saw Corbett's confidential statement made to the investigators on plaintiff's case. Appendix to defendant's cross-motion, p. 49–51. The AFBCMR denied the request for reconsideration stating that plaintiff had not provided new evidence. Appendix to defendant's cross-motion, p. 37. Plaintiff alleges that she had not, at that time, learned of the information contained in the affidavits currently before the court.

retracted testimony." [4] Plaintiff alleges that both decisions were arbitrary, capricious, clearly erroneous and not supported by substantial evidence.

■ Summary judgment is an integral part of the federal rules; it is designed "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (*quoting* Fed.R.Civ.P. 1). Summary judgment is appropriate when the pleadings raise no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *RUSCC 56; Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party bears the burden of establishing an absence of evidence to support the nonmovant's case. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The party opposing summary judgment has the burden of showing sufficient evidence, not necessarily admissible, of a genuine issue of material fact in dispute. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553. Any doubt over factual issues must be resolved in favor of the party opposing summary judgment, *Litton Indus. Prods., Inc. v. Solid State Sys. Corp.*, 755 F.2d 158, 163 (Fed.Cir.1985), to whom the benefit of all presumptions and inferences run. *H.F. Allen Orchards v. United States*, 749 F.2d 1571, 1574 (Fed.Cir.1984), *cert. denied*, 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985). The court will first address the AFBCMR's refusal to set aside the BOI decision.

(a) *Motion to Overturn the Decision of the BOI*

■ Plaintiff bases her motion for summary judgment on new evidence. Plaintiff supplied the AFBCMR with the affidavits of Yaar and Eileen McLendon (McLendon).[5] Yaar, a principal witness in the original BOI hearing, has subsequently retracted her testimony and alleges that her original testimony "was obtained by fraudulent and coercive means."[6] McLendon, a civilian who worked at Wright–Patterson Air Force Base during the initial BOI proceeding, asserts that she learned that plaintiff was the victim of a "trumped-up charge."[7]

This court cannot grant summary judgment when there is a material fact in dispute. Although neither party asserts that there are issues of material fact, plaintiff has established a genuine dispute as to the veracity of one of the principal witnesses to plaintiff's alleged homosexual acts. Defendant has failed to carry its burden of showing that this contention does not raise an issue of material fact. In its decision denying plaintiff's request for reconsideration, the AFBCMR acknowledges that the BOI's decision rests upon the testimony of Chuck and Yaar. Yaar maintains that her testimony was the result of "fraudulent and coercive pressures" and now wishes to retract her statement made before the BOI. This allegation of fraud is bolstered by McLendon's affidavit attesting to her subsequent knowledge of a "trumped-up charge" against plaintiff. Defendant merely asserts that Yaar's affidavit *does not* constitute a retraction or suggest that her testimony was not truthful. Defendant, moreover, barely addresses the issues of fraud that are raised in both affidavits, noting that it "does not impeach, in any way, the credibility of the witnesses."[8] Thus, defendant merely denies the probity of the recanting testimony and glosses over the issues of fraud. This case would benefit from further ventilation of facts. *Philadelphia Suburban Corp. v. United States*, 217 Ct.Cl. 705, 707 (1978). Therefore, sufficient clarity on issues of fact does not exist for the court to rule on

---

4. Plaintiff's Memorandum of Points of Authority, p. 2.

5. Plaintiff has also submitted an affidavit concerning her own conversations with lieutenant Yaar (Yaar). Nonetheless, because of the self-serving nature of plaintiff's own affidavit, this court disregards it in reaching its conclusion.

6. Affidavit of Victoria Yaar.

7. Affidavit of Eileen McLendon.

8. Defendant's cross-motion, p. 6.

summary judgment. Plaintiff's motion and the defendant's cross-motion for summary judgment on the AFBCMR's decision upholding the BOI are denied.

#### (b) *Denial of a Hearing on the Application for Reconsideration*

■ The court now turns to the question of whether the AFBCMR, in light of the affidavits submitted, should have held a hearing on plaintiff's application for reconsideration. As to this issue, the court analyzes "the effect of facts on a decision-maker rather than with the determination of facts by a decision-maker. Thus, the issue is one of law." *Burd v. United States*, 19 Cl.Ct. 515, 518 (1990), *citing Interstate Commerce Comm'n v. Louisville and Nashville R.R.*, 227 U.S. 88, 92, 33 S.Ct. 185, 187, 57 L.Ed. 431 (1913). Whether the affidavits should have caused the AFBCMR to order a hearing, is a question of law for the court to decide.

### II. *Standard of Review*

■ In reviewing the AFBCMR's decision, the court may set aside a decision if it is "arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed.Cir.1986); *Sanders v. United States*, 219 Ct.Cl. 285, 298, 594 F.2d 804, 811 (1979). The determination of capriciousness must be supported by "cogent and clearly convincing evidence." *Wronke* at 1576 *citing Dorl v. United States*, 200 Ct.Cl. 626, 633 (1973).

The basis upon which the AFBCMR reviews an application is set out in the regulations. The relevant AFR states:

Each application ... will be reviewed by a panel of the Board in Executive Session to determine whether to authorize a hearing, recommend that the records be corrected without a hearing, or to deny the application without a hearing.... Requests for reconsideration shall provide *newly discovered relevant evidence not reasonably available to the applicant at the time of a previous application* .... The Board will determine the relevance and weight of any evidence submitted; and whether or not the evidence was reasonably discoverable by the applicant at the time of any previous application. AFR 31–3(9)(a) & (c) (May 31, 1985). [Emphasis added.]

The regulations also state—

The Board may deny an application if it determines that *insufficient relevant evidence has been presented to demonstrate the existence of probable material error or injustice* .... [Emphasis added.]

AFR 31–3(9)(b) (May 31, 1985).

Thus, if the AFBCMR determines that the submission is new evidence not available at the time of a previous application, it must then decide if the evidence is relevant and demonstrates probable material error or injustice.

■ The affidavit of former lieutenant Yaar includes:

At the time I gave my testimony, I was under extreme pressure from my personal life as I was recently separated from my husband, who was physically abusing me.... These conditions at home must be viewed in light of the ever mounting pressure exerted on me by the Air Force during the period in question.... Simply stated, I believe that the testimony obtained from me by OSI and the Air Force was obtained by *fraudulent and coercive means* .... I believe that the testimony offered was accordingly tainted and was the direct result of the Air Force pressuring a misinterpretation of the events in question.... To the extent that I am able to, *I wish to retract the statement* made by me against Lieutenant Barth.[9] [Emphasis added.]

Defendant then applied the regulation to Yaar's affidavit. In its decision, dated January 31, 1991, to deny the hearing for reconsideration the board stated:

The board has agreed to reconsider this application based on the fact the affidavit provided by Ms. Yaar *is new evidence that was not available at the time this*

---

9. Affidavit of Victoria Yaar.

*case was originally considered.... Insufficient relevant evidence* has been presented to demonstrate the existence of probable error or injustice.... Further, we do not believe the affidavits are *sufficiently relevant because they do not reliably indicate any recantation of the original testimony.* The recommendation of the BOI was based on testimony from two individuals concerning the homosexual activities of the applicant. No evidence has been submitted that would convince the Board that the findings of the Board of Inquiry were erroneous or not based upon a preponderance of the evidence.... [I]t has not been shown that a personal appearance with or without counsel will materially add to our understanding of the issue(s) involved.[10]

Thus, the AFBCMR did not dispute that this is new evidence, rather defendant questions the credibility of the testimony and, therefore, its relevancy to plaintiff's case.

■ Defendant does not, however, indicate precisely why it finds the affidavit unworthy of belief. Defendant simply states: "Ms. Yaar neither retracts her prior testimony, nor does it, in anyway suggest that the evidence she gave under oath at the BOI was not truthful."[11] In support of its position defendant cites *United States v. Taylor*, 30 M.J. 1008, 1009 (AFCMR 1990), for the proposition that recantation testimony is viewed with skepticism. Nonetheless, the court went on to remand for a hearing so that the recanting witness could "present her story under oath ... subject to cross-examination, and the truth could emerge." *Taylor* at 1009. Other military courts have also found this to be the appropriate course of action. *United States v. Scaff*, 29 M.J. 60, 67 (USCMR 1989). Hence, the appropriate

remedy in order to ascertain the veracity of the recantation is to hold a hearing on the matter, not to declare the affidavit irrelevant.

■ Moreover, in testing whether the testimony is relevant the AFBCMR should not look to "whether the record, when purged of the inadmissible evidence, can still be seen to support the decision that was reached. Rather, the test is whether that evidence *influenced* the decision that was reached." *Burd* at 518. Yaar's testimony was the only corroborating evidence to Chuck's allegation that plaintiff was a homosexual.[12] In its denial of plaintiff's application, the AFBCMR admitted that the BOI's decision was based on the testimony of two witnesses. One of those witnesses has now attempted to recant her testimony.

Defendant, also, does not address the issues of fraud and coercion alleged in the affidavits. As to McLendon's affidavit, defendant states that it "does not impeach, in anyway, the credibility of the witness who testified before the BOI."[13] As noted in AFR 31–3(9)(b), one of the duties of the board is to look for the "existence of *probable* material error *or injustice.*" Although "the bare allegation that people ... 'lied'" is insufficient to present new evidence in a hearing, plaintiff has backed up the allegation with two sworn affidavits. *Wyatt v. United States*, 23 Cl.Ct. 314, 320 (1991).

■ The new evidence supplied by plaintiff warrants a hearing. As noted in *Long v. United States*, 12 Cl.Ct. 174, 176 (1987), "new evidence should be allowed during judicial review only if it was unavailable below, and even if allowed ... the case typically should be remanded to the administrative board for reconsideration." The AFBCMR, itself, has admitted that this was new evidence unavailable at the board

**10.** Addendum Record of Proceedings Air Force Board For Correction of Military Records, January 31, 1991.

**11.** Defendant's cross-motion for summary judgment, p. 6.

**12.** Chuck's testimony, standing alone, is replete with inconsistencies. Chuck testified, at one

point, that she received a phone call during the alleged attack, although she did not alert the caller to her predicament. Later she testified that the phone call came at the beginning of the alleged attack.

**13.** Defendant's cross-motion, p. 6.

level. Moreover, as explained by the Supreme Court "if the agency has not considered all relevant factors … the proper course, except in rare circumstances is to remand to the agency for additional investigation or explanation." *Long* at 177, *citing Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 1607, 84 L.Ed.2d 643 (1973) (citations omitted).[14] As noted earlier, in military court martial cases, courts have remanded for hearings when new evidence has arisen. *Taylor* at 1009; *Scaff* at 67. In *Scaff,* the court reasoned that the "judge will have an opportunity to determine on the basis of live testimony whether the … new evidence would produce an acquittal." *Id.* Furthermore, the power to remand is expressly found in the language of the Tucker Act, 28 U.S.C. § 1491(a)(2) (1988): "In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." Hence, this matter is remanded to the AFBCMR for a hearing.

For the foregoing reasons, cross-motions for summary judgment are denied without prejudice. This matter is remanded to the AFBCMR in accordance with RUSCC 60.1 for a period of 6 months for a hearing on the new evidence as it affects the original BOI decision.

The proceedings before this court are suspended until July 9, 1992. The parties are directed to file joint reports indicating the status of proceedings on remand at intervals of 60 days, commencing with the date of this Opinion and Order. The first report shall be filed by March 10, 1992.

IT IS SO ORDERED.

---

**14.** Plaintiff urges the court to adopt the approach in *Bray v. United States,* 207 Ct.Cl. 60, 73, 515 F.2d 1383, 1390 (1975), by conducting a *de novo* review of the BOI hearing. This court, however, is reviewing the propriety of the AFCBMR's decision to not hold a hearing on plaintiff's application for reconsideration, rather than the decision to overturn the BOI. Hence, it is unnecessary to reach the issue raised in *Bray.*