**Willie D. BARTH, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 474–87C.**

United States Court of Federal Claims.

June 10, 1993.

Brian D. West, Vienna, VA, attorney of record for plaintiff. Sandground, Barondess & West, P.C., of counsel.

John S. Groat, Washington, DC, with whom was Acting Asst. Atty. Gen. Stuart E. Schiffer, for defendant. David M. Cohen, Director, Mary Mitchelson, Deputy Director, Major Conrad Von Wald, Dept. of the Air Force, of counsel.

## OPINION

FUTEY, Judge.

This military pay case is before the court on plaintiff's motion for summary judgment and defendant's motion to dismiss for failure to state a claim, or in the alterna-

tive, cross-motion for summary judgment. Plaintiff contends that the Assistant Secretary of the Air Force arbitrarily and capriciously overruled the recommendations of the Air Force Board for Correction of Military Records (AFBCMR). Defendant counters that plaintiff cannot establish a firm right to reenlistment, the Assistant Secretary was not arbitrary and capricious, and plaintiff has failed to assert a statute which mandates monetary relief.

### Factual Background [1]

Plaintiff, Willie D. Barth, was commissioned second lieutenant with the Air Force Reserve on July 15, 1980. On April 26, 1983, the Air Force informed plaintiff that it was initiating administrative discharge proceedings against her under Air Force Regulation (AFR) 36–2 (August 2, 1976). The proceedings were initiated after two female Air Force personnel accused plaintiff of homosexual conduct.

Subsequently, a Board of Inquiry (BOI) was convened on October 3, 1983, to consider the charges against plaintiff. A decision was rendered on October 5, 1983, finding that plaintiff did commit the alleged acts. Consequently, the board recommended that plaintiff be given a general discharge under honorable conditions.

Plaintiff subsequently applied for a correction of her military record pursuant to 10 U.S.C. § 1552 (1982), with the AFBCMR. On March 20, 1986, the AFBCMR denied plaintiff's request to overturn the decision of the BOI.

Plaintiff filed a complaint with this court moving for summary judgment based upon new evidence on August 11, 1987. On August 9, 1989, proceedings were suspended while plaintiff applied to the AFBCMR for reconsideration based upon the new evidence. On February 1, 1991, the AFBCMR denied plaintiff's application without a hearing. In an Opinion & Order issued on January 9, 1992, this court remanded the matter to the AFBCMR for a hearing on the new evidence as it affected the original BOI decision.

In accordance with this court's order, the AFBCMR conducted a hearing on April 28, 1992, and concluded that "[s]ufficient relevant evidence has been presented to demonstrate the existence of a probable injustice." [2] The AFBCMR recommended that:

a. All documents and references to homosexual activities, during the 1981 through 1984 period of time, be declared void and removed from her records.

b. The Board of Inquiry (BOI), held in October 1983, and all subsequent documentation relative to same, be declared void and removed from her records.

c. She was not discharged on 23 April 1984, but was continued on active duty; on 23 April 1984, she was ordered permanent change of station (PCS) to her home of record or home of selection, pending further orders.

d. Her Officer Effectiveness Report, AF Form 707, rendered for the period 11 December 1982 through 10 December 1983, be declared void and removed from her records.

e. She was promoted to the grade of Captain, effective and with a date of rank of 9 August 1984.

It is further recommended that she be considered for promotion to the grade of major by Special Selection Board for the Calendar Year 1991 Central Selection Board, with her record corrected as reflected above. If she is nonselected for promotion by the CY91 Board or the subsequent CY92 Board, the nonselection(s) be set aside and she be considered by the next regularly scheduled Major Selection Board as an in-the-promotion zone eligible. [3]

The Assistant Secretary of the Air Force approved most of the AFBCMR's recommendations; but failed to approve the decision to correct plaintiff's record to reflect continuous service from April 23, 1984, to

---

1. This case was the subject of an earlier Opinion & Order of this court. A complete set of facts is set out in *Barth v. United States,* 24 Cl.Ct. 836 (1992).

2. Defendant's appendix (Def.App.) at 25.

3. Def.App. at 27.

the present. The Assistant Secretary reasoned that it would be "pure speculation to assume that Ms. Barth would have applied for an additional period of active duty, or that it would have been granted had she applied." To correct her record, the Assistant Secretary noted, would be to bestow plaintiff with an "unwarranted windfall." Accordingly, the Assistant Secretary directed that her records reflect a date of separation of February 19, 1985, the date when plaintiff would have been separated but for the discharge.[4]

Plaintiff requested a reconsideration of the Assistant Secretary's decision on October 15, 1992. Plaintiff contended that given her desire for a military career and her excellent ratings, she would have been granted an additional period of duty. The Assistant Secretary replied on January 14, 1993, that he found no basis for reopening the case. Thereafter, plaintiff filed a motion for summary judgment in this court on March 8, 1993.

### Discussion

■ This court turns first to the motion to dismiss. A motion for failure to state a claim upon which relief can be granted is appropriate where the plaintiff could assert no set of facts which would support her claim. *Chang v. United States*, 859 F.2d 893, 894 (Fed.Cir.1988). Moreover, in reviewing a motion to dismiss under RCFC 12(b)(4), the court must "assume all well-pled factual allegations are true and indulge in all reasonable inferences in favor of the nonmovant." *Gould Inc. v. United States*, 935 F.2d 1271, 1273 (Fed. Cir.1991); *Coggeshall Development Corp. v. United States*, 23 Cl.Ct. 739, 743 (1991).

■ Although this court's basic jurisdictional grant lies in the Tucker Act, 28 U.S.C. § 1491 (1988), the Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages."

*Dehne v. United States*, 970 F.2d 890, 893 (Fed.Cir.1992), *quoting United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976). Therefore, in order to state a claim before this court, plaintiff must assert some money mandating statute or regulation on which to base her claim. *Testan*, 424 U.S. at 400, 96 S.Ct. at 954. In addition, plaintiff carries the burden of proffering a statute that mandates pay for service never actually performed. Failure to demonstrate such a statute is a failure to state a claim upon which relief can be granted. *Dehne*, 970 F.2d at 892; *Spagnola v. Stockman*, 732 F.2d 908, 909 (Fed.Cir.1984).

■ Plaintiff maintains that this court should read the Back Pay Act, 5 U.S.C. § 5596(b) (1988), and 10 U.S.C. § 1552(a) (1988 & Supp. II 1990), *in pari materia*, to establish a basis for plaintiff's claim. The Back Pay Act, § 5596 provides:

> (b)(1) An employee of an agency who, on the basis of a timely appeal or an administrative determination ... is found by appropriate authority ... to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—
>
> (A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—
>
> (i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred....

Although this statute appears to mandate monetary relief, the Back Pay Act "is merely derivative in application; it is not itself a jurisdictional statute." *Spagnola*, 732 F.2d at 912, *quoting United States v.*

---

**4.** Plaintiff served as an enlisted member of the Regular Air Force for 3 years and was honorably discharged on August 13, 1973. Upon completion of an Air Force Reserve program, plaintiff was offered an appointment as a Reserve officer and was commissioned as a second lieutenant with the Air Force Reserve on July 15, 1980, with an August 8, 1984, date of separation. Plaintiff subsequently applied for a specified period of time contract extending her date of separation to February 19, 1985.

*Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). Plaintiff must cite the court to some other money mandating law or regulation because "the Back Pay Act itself cannot fill that gap." *Spagnola,* 732 F.2d at 912.

Plaintiff also looks to 10 U.S.C. § 1552 to support her claim for pay. Section 1552 states:

(a)(1) The Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice. Except as provided in paragraph (2), such corrections shall be made by the Secretary acting through the boards....

(c) The Secretary concerned *may pay,* from applicable current appropriations, a claim for the loss of pay, allowances compensation, emoluments, or other pecuniary benefits, or for the repayment of a fine or forfeiture, if, as a result of correcting a record under this section, the amount is found to be due the claimant on account of his or anothers' service in the Army, Navy, Air Force, Marine Corps, or Coast Guard, as the case may be. [Emphasis added.]

Nonetheless, as noted in *Dehne,* § 1552 "by its terms ... does not mandate pay at all. Rather, it provides for appropriate discretionary payment by the Secretary in certain circumstances." 970 F.2d at 894. Therefore, § 1552 also does not support plaintiff's claim.

▇ The court now turns to plaintiff's claim that reading these two statutes *in pari materia* supports her claim. Under this doctrine, "[s]tatutes that are *in pari materia* are those that relate to the same thing, so as to be construed together." *Molden v. United States,* 11 Cl.Ct. 604, 610 (1987). Nonetheless, the court fails to discern how reading these two statutes together creates a right which neither statute

independently asserts. Accordingly, plaintiff has failed to state a claim.

▇ In the alternative, plaintiff cannot prevail on her argument that the Assistant Secretary's decision was arbitrary and capricious. Despite plaintiff's contentions to the contrary, "the Secretary may ... overrule the recommendations of the Correction Board where the findings of that Board are not justified by the record on which the findings were made." *Boyd v. United States,* 207 Ct.Cl. 1, 8, 1975 WL 22807 (1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976) (*quoting Proper v. United States,* 139 Ct.Cl. 511, 526 (1957)). In finding that it was pure speculation that plaintiff would have been appointed to a further period of duty, the Assistant Secretary was echoing the well-settled rule that—

[T]he promotion of an officer is a *discretionary* matter dependent on the particular circumstances and needs of the service. There is no basis from which it may be concluded that the circumstances and needs ... were the same as they were ... or that the discretion to promote would, in fact, have been exercised favorably to plaintiff.... [Emphasis added.]

*Abruzzo v. United States,* 206 Ct.Cl. 731, 738 (1975); *Clinton v. United States,* 191 Ct.Cl. 604, 606 (1970).[5] Accordingly, the Assistant Secretary's decision was not arbitrary and capricious.

### Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment is denied. Defendant's motion to dismiss for failure to state a claim is hereby granted. The clerk is directed to dismiss plaintiff's complaint. No costs.

---

5. In addition, this court would have to find that plaintiff had a firm right to reenlist. A firm right to reenlistment may be found where there is a special statutory right to reenlist. *Austin v. United States,* 206 Ct.Cl. 719, 724, 1975 WL 22844 (1975), *cert. denied,* 423 U.S. 911, 96 S.Ct.

215, 46 L.Ed.2d 140 (1975), (*citing Diamond v. United States,* 170 Ct.Cl. 166, 177 (1965); *Smith v. United States,* 155 Ct.Cl. 682, 692, 1961 WL 8730 (1961)). No statutory right to reenlistment exists in the instant case.