**Frances L. GREENHILL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 07–854 C.**

United States Court of Federal Claims.

May 16, 2008.

---

Frances L. Greenhill, Maryland, pro se.

William P. Rayel, Trial Attorney, Todd M. Hughes, Deputy Director, Jeanne E. Davidson, Director, Jeffrey S. Bucholtz, Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

GEORGE W. MILLER, Judge.

This action is before the Court on plaintiff's complaint ("Complaint," docket entry 3), transferred from the United States District Court for the District of Columbia, and defendant's motion to dismiss for failure to state a claim upon which relief can be granted, or in the alternative, for summary judgment ("Def.'s Mot. Dismiss," docket entry 8). Plaintiff did not file an opposition to defendant's motion. For the reasons discussed below, defendant's motion is **DENIED.**

## BACKGROUND

The following facts, taken from plaintiff's complaint and documents attached to the complaint, are presumed true for the purpose of deciding defendant's motion to dismiss. *See Bell Atlantic Corp. v. Twombly,* —— U.S. ——, ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (stating that decisions on such motions to dismiss rest "on the assumption that all the allegations in the complaint are true"); *Leider v. United States,* 301 F.3d 1290, 1295 (Fed.Cir.2002); *Gould Inc. v. United States,* 935 F.2d 1271, 1274 (Fed.Cir. 1991); *Kawa v. United States,* 77 Fed.Cl. 294, 298 (2007); *Barth v. United States,* 28 Fed.Cl. 512, 514 (1993). Where the record reflects that disputes exist over material facts, any such disputed issues are described below.[1]

Plaintiff Frances Greenhill was employed by the United States Department of Education ("DOE"), Office of Elementary and Secondary Education, Office of Indian Education. She resigned from her position on November 30, 1999, pursuant to an Equal Employment Opportunity ("EEO") settlement agreement executed on that day, re-

---

1. Defendant has moved, in the alternative, for summary judgment pursuant to RCFC 56 (Def.'s Mot. Dismiss at 1), though its brief focuses on the arguments with respect to the motion to dismiss under RCFC 12(b)(6). As stated at pages 789–91, *infra,* summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

solving five pending employment discrimination complaints she had brought against DOE.

Pursuant to the agreement, Plaintiff agreed to resign, not to seek re-employment with DOE, and she waived her rights with respect to the discrimination complaints. In return, the agreement provided that DOE would pay plaintiff a $90,000 lump sum payment. The agreement further provided that all requests for employment references would be referred to Joyce Boykin, and that responses to such requests would be limited to stating that Ms. Greenhill resigned on November 30, 1999, and verifying her dates of employment, salary, GS-level, title, and performance ratings. The agreement also provided:

> If the Complainant believes that the Department has failed to comply with the terms of this Agreement, she must notify the Department's EEO Director in writing within thirty (30) calendar days of the date Complainant knew or should have known of the alleged noncompliance. The claim will be processed as set forth in 29 C.F.R. 1614.504 and may result in: compliance by the Department; rejection of the claim; an EEOC order that the Department comply with the Agreement; or reinstatement of the above-captioned EEO complaint for further processing from the point processing ceased under the terms of this Agreement.

*See* Complaint, November 30, 1999 Settlement Agreement.

In February 2002, plaintiff interviewed for a secretarial position with the Department of Justice ("DOJ"), and DOJ made a tentative offer conditioned on successful completion of a background investigation. On June 21, 2002, DOJ withdrew the tentative offer because, in reviewing references, a response from DOE "raised questions concerning [plaintiff's] prior employment" with DOE and her personnel folder suggested that she was denied a within-grade increase during her time at DOE. Specifically, the request for employment reference was referred not to Joyce Boykin, as required by the settlement agreement, but rather to Mary Brayboy, the subject of plaintiff's original EEO complaint

which produced the settlement agreement. In her reference, Ms. Brayboy stated that plaintiff had been fired from DOE and had agreed to never apply for any federal job. She stated that there were many confrontations with plaintiff and that, given the opportunity to hire her again, she would not choose her. *See* Complaint, DOJ Inquiry Regarding Suitability of Applicant Form (May 20, 2002).

On July 2, 2002, less than two weeks after receiving the letter from DOJ withdrawing the offer, plaintiff met with an Equal Employment Specialist ("EES") at DOE's Equal Employment Opportunity Group ("EEOG"), Cathy Hawkins, and told Ms. Hawkins that she believed the settlement agreement had been breached. There is dispute as to the exact interaction, and specifically as to whether Ms. Hawkins informed plaintiff that she had to submit a notice of noncompliance in writing under the terms of the agreement. *See* Complaint, Declaration of Cathy Hawkins (Nov. 5, 2004) ("I told Ms. Greenhill that she needed to put her complaint in writing, because just telling me was not enough to constitute a formal compliant."); *but see* Complaint at 2 ("[Cathy Hawkins] gave me a copy of the agreement and read the rescinded letter and walked back upstairs without any detailed conversation. I gave her a card to give to the office.")

On July 30, 2003, plaintiff sent a letter to James White, the EEO Director at DOE, stating that she believed the agency had breached the settlement agreement. Plaintiff acknowledged the untimeliness of the written notice but stated that she could not file it earlier due to personal hardships. On July 1, 2004, DOE's EEO Director Ralph White sent a letter waiving the 30–day time limit and accepting the complaint for filing. *See* Complaint, July 1, 2004 Letter from Ralph White to Frances Greenhill ("In your letter you also provided reasons why you did not meet the 30–day time frame for notifying the Director of EEO of the alleged Breach. 29 C.F.R. 1614.504(c) states that the time limits are subject to waiver, estoppel and equitable tolling. This provision is invoked and your allegation of breach of contract is accepted for processing.") On August 17, 2004, Ralph White sent a second letter re-

scinding DOE's acceptance of the complaint, and rejected it as untimely for failure to file in writing within 30 days of when she knew or should have known of the alleged noncompliance. Plaintiff appealed the decision to the Equal Employment Opportunity Commission ("EEOC") and the EEOC affirmed DOE's decision on February 14, 2005.

On June 2, 2005, plaintiff brought suit in the United States District Court for the District of Columbia, alleging breach of the settlement agreement with DOE, and seeking $210,000 in damages, reinstatement to her position at the DOE, and restoration of her federal employment benefits. In response to her action in the district court, defendant argued that "when a federal employee sues a federal agency alleging violation of a settlement agreement in a previous Title VII discrimination action, and asserts a new Title VII claim, the Court of Federal Claims maintains *exclusive jurisdiction* over both the breach-of-contract and new Title VII claims." *See* Complaint, Defendant's Reply Brief at 6 (D.D.C. Nov. 5, 2004) (emphasis added). On December 22, 2005, the district court dismissed the complaint for lack of subject matter jurisdiction, stating: "[t]he complaint seeks $210,000 in damages. This court therefore lacks subject matter jurisdiction over the plaintiff's claim that the federal government breached the settlement. Rather, it is the Court of Federal Claims that has sole jurisdiction over plaintiff's claim." *Greenhill v. Spellings,* 2005 WL 3508653 at *3 (D.D.C. Dec.22, 2005). On appeal, the United States Court of Appeals for the District of Columbia affirmed the holding of the district court, but remanded with instructions to transfer the case to the United States Court of Federal Claims. *Greenhill v. Spellings,* 482 F.3d 569, 576 (D.C.Cir.2007).

On January, 2, 2008, plaintiff filed her complaint with this Court (docket entry 3). Plaintiff alleged a breach of the settlement claim, and requested the following relief: (1)

$210,000 in damages; (2) attorneys' fees in the amount of $1,650.00; (3) reinstatement to employment with the DOE; (4) restoration of annual and sick leave balances; (5) payment of federal and state taxes owed; (6) payment of lost years of service; (7) restoration of benefits under the Civil Service Retirement Plan; (8) payment of outstanding balances for college tuition owed; (9) payment for seven undergraduate courses remaining to be degree-eligible and permission to take daytime classes as required; (10) advancement to GS9–5 level upon receipt of bachelor's degree "without discrimination or extreme competitin [sic] apply for GS 11–12 position or 9/11/12 upward mobility position;" and (11) letters of apology from Mary Brayboy, Cathie Martin, James White, John McBurney, David Beauleuh, Cathie Hawkins and Daria Stec.

## *JURISDICTION*

It is unclear whether defendant questions the Court's jurisdiction to hear this case. The motion to dismiss was brought under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), for failure to state a claim upon which the Court may grant relief, rather than under RCFC 12(b)(1). Def.'s Mot. Dismiss at 6. But defendant also argues in its motion that "the settlement agreement does not mandate the payment of money damages in the event of a purported breach," *id.* at 7, language normally used to indicate a lack of jurisdiction under the Tucker Act.[2] In any case, jurisdiction is "a threshold question that must be resolved in [plaintiffs'] favor before proceeding to the merits." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 88–89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Further, "the court is always responsible for its own jurisdiction," so the Court may address the issue of jurisdiction *sua sponte. Fisher v. United States,* 402 F.3d 1167, 1173 (Fed. Cir.2005) *(en banc).*

---

2. It appears defendant may have framed its argument as arising under 12(b)(6) (failure to state a claim upon which relief can be granted), in lieu of 12(b)(1) (lack of jurisdiction over the subject matter), to avoid inconsistencies with its previous arguments in the case at the district court. Defendant states that "[i]n light of the Govern- ment's arguments before the district court and D.C. Circuit that this Court has exclusive jurisdiction to entertain Ms. Greenhill's claim, the Government has not brought a jurisdictional challenge at this time." Def.'s Mot. Dismiss at 7, n. 3.

■ In order to successfully invoke jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), a plaintiff must identify an express or implied contract, a constitutional provision, a statute, or a regulation that provides a separate substantive right to money damages against the United States. *See Tippett v. United States*, 185 F.3d 1250, 1254–55 (Fed.Cir.1999). Here, plaintiff has identified a contract: the settlement agreement she entered into with DOE. *See Stovall v. United States*, 71 Fed.Cl. 696, 698 (2006) (stating that "decisional law leaves no doubt that settlement agreements generally fall within" the definition of express or implied contract with the United States as used by the Tucker Act). Plaintiff has alleged that the Government breached the settlement agreement, resulting in money damages of $210,000. Complaint at 5. The fact that the settlement agreement did not specifically provide for money damages in the event of a breach does not deprive the Court of jurisdiction; money damages are the default remedy for breach of contract, and "there is no generic requirement under the Tucker Act that contracts must include specific language indicating that damages will be paid upon a breach." *Stovall*, 71 Fed.Cl. at 700. The Court thus concludes that it has jurisdiction to consider plaintiff's claims under the Tucker Act.

### DISCUSSION

The pleadings of *pro se* litigants are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Even given this considerable leeway, however, *pro se* plaintiffs must still meet the same jurisdictional requirements that all plaintiffs must meet before being allowed to proceed with a claim in this Court. *Henke v. United States*, 60 F.3d 795, 799 (Fed.Cir.1995) ("The fact that [the plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). Specifically, a plaintiff must "estab-

lish[ ] subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988).

As indicated at the outset, the Court may dismiss the complaint pursuant to RCFC 12(b)(6) if, as a matter of law, the complaint fails to state a claim upon which relief can be granted, keeping in mind that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, —— U.S. ——, ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (stating that decisions on such motions to dismiss rest "on the assumption that all the allegations in the complaint are true"); *Leider v. United States*, 301 F.3d 1290, 1295 (Fed.Cir.2002); *Gould Inc. v. United States*, 935 F.2d 1271, 1274 (Fed.Cir. 1991); *Kawa v. United States*, 77 Fed.Cl. 294, 298 (2007); *Barth v. United States*, 28 Fed.Cl. 512, 514 (1993).

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. United States Court of Federal Claims Rule ("RCFC") 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A material fact is one that might affect the outcome of the litigation. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. A dispute over a material fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Id.*

### I. Plaintiff May Recover Monetary Damages For Breach of the Settlement Agreement.

■ Defendant argues that because the settlement agreement which is the basis of plaintiff's claim "does not mandate the payment of money damages in the event of a purported breach," and instead provides for non-monetary equitable remedies in the event DOE breaches the agreement,[3] "the

---

**3.** Specifically, as noted earlier, the settlement agreement in this case states: "If the Complainant believes that the Department has failed to comply with the terms of this Agreement, she

must notify the Department's EEO Director in writing within thirty (30) calendar days of the date Complainant knew or should have known of the alleged noncompliance. The claim will be

substantive right Ms. Greenhill identifies does not entitle her to money damages." Def.'s Mot. Dismiss at 7. "As such," defendant further argues,

> Ms. Greenhill's request for $210,000 in monetary damages is frivolous because the settlement agreement does not provide for monetary damages beyond the $90,000, which Ms. Greenhill admits she received. Furthermore, it is well settled that, in the absence of monetary relief, this Court cannot provide equitable relief and cannot reinstate Ms. Greenhill to her former position with the Government, therefore, the Court does not possess jurisdiction to entertain the rest of Ms. Greenhill's complaint.

*Id.* at 8. Because the Court concludes that the settlement agreement does not preclude recovery of money damages for breach, defendant's arguments with respect to equitable relief, insofar as they are based on alleged unavailability of monetary relief, fail.

In *Stovall,* the court explained that "for a wide majority of contracts [the requirement that breach be redressable by the payment of money damages] is met by a simple presumption—that damages will be available upon a breach." *Stovall,* 71 Fed.Cl. at 700. This presumption is due to the fact that money damages are the default remedy for breach of contract, and " '[n]ormally contracts do not contain provisions specifying the basis for the award of damages in case of breach, with the exception of provisions governing damages in particular situations, such as liquidated damages for delay or other specified breaches.' " *Id.* (quoting *San Juan City College v. United States,* 391 F.3d 1357, 1361 (Fed.Cir.2004)). Defendant attempts to distinguish *Stovall,* in which the court applied a presumption that damages will be available upon breach in a similar case involving a settlement agreement. Defendant asserts: "[i]n this case [as opposed to in *Stovall],* the contractual language is clear that Ms. Greenhill's remedies for noncompliance are 'an EEOC order that the De-

partment comply with the Agreement'; or reinstatement of the above-captioned EEO [complaint]." Def.'s Mot. Dismiss at 8, n. 4. That is not accurate. The settlement agreement in Stovall provided for the same equitable remedies in the event of breach as here; that is, the agreement provided that if Mr. *Stovall* believed the agency failed to carry out the terms of the settlement agreement, he "[could] request specific enforcement of the terms or reinstatement of his complaints by writing to [the director of the agency's Office of Civil Rights]" within 60 days of the date he knew or reasonably should have known of the alleged breach. *See* Complaint, Exhibit B at 3–4; *Stovall,* 71 Fed.Cl. 696. The presumption that money damages are the default remedy for breach of contract is not overcome simply because a contract provides for alternate remedies.

Defendant also asserts that "Ms. Greenhill's request for $210,000 in monetary damages is frivolous because the settlement agreement does not provide for monetary damages beyond the $90,000." Def.'s Mot. Dismiss at 8. However, that argument must also fail. The $90,000 paid pursuant to the settlement agreement related to plaintiff's then pending discrimination claims against DOE. Here, plaintiff is not seeking damages based on the discrimination claims that ostensibly were resolved by the settlement agreement. Nor is plaintiff alleging damages arising out of the conduct of DOE personnel during the time she was employed by DOE. Instead, plaintiff is bringing a new claim, seeking damages she has allegedly suffered due to defendant's breach of the provisions in the settlement agreement that resulted in the decision by DOJ to rescind an offer of employment. The fact that plaintiff received $90,000 pursuant to the settlement agreement that DOE allegedly later breached may be relevant in computing the damages to which she may be entitled, but her receipt of that sum cannot itself bar her claim for damages.

processed as set forth in 29 C.F.R. 1614.504 and may result in: *compliance by the Department; rejection of the claim; an EEOC order that the Department comply with the Agreement; or reinstatement of this above-captioned EEO complaint*

*for further processing from the point processing ceased under the terms of this Agreement."* Complaint, Nov. 30, 1999 Settlement Agreement (emphasis added).

The Court does not disagree that "in the absence of monetary relief, this Court cannot provide equitable relief and cannot reinstate [plaintiff] to her former position with the Government." Def.'s Mot. Dismiss at 8. However, the Court concludes that defendant has not demonstrated that the settlement agreement precluded monetary damages. The Court may grant equitable relief "as an incident and collateral to" a monetary judgment. 28 U.S.C. § 1491(a)(2). The Court therefore concludes that it would be inappropriate to dismiss plaintiff's claims for equitable relief at this time.

## II. The Administrative Procedure Set Forth in the Settlement Agreement Does Not Preclude an Action for Damages in This Court.

■ Defendant argues that "[i]f a contract provides for its own dispute resolution procedure, then this Court may not grant a plaintiff relief for breach of contract." Def.'s Mot. Dismiss at 9 (citing *Doe v. United States,* 513 F.3d 1348, 1355 (Fed.Cir.2008)). In the *Doe* case relied on by defendant, the collective bargaining agreement ("CBA") at issue expressly provided that its administrative grievance procedure "[was] the *exclusive procedure available* to bargaining unit employees, the Union or the Administration for the resolution of grievances." *Doe,* 513 F.3d at 1355 (emphasis added). The court of appeals held that to the extent employees sought to enforce rights granted by the CBA, those rights were subject to the exclusive procedure set forth in the CBA and thus not justiciable in the Court of Federal Claims. *Id.*

While the settlement agreement at issue here provides an administrative procedure through the DOE's EEO in the event of a breach, it does not contain express language like that relied upon by the Court of Appeals in *Doe; i.e.,* that the procedure mandated by the CBA is the "exclusive procedure available ... for the resolution of grievances."

Defendant relies on the word "must" in the settlement agreement at issue here to argue that the agreement requires recourse to an exclusive administrative procedure, just as the CBA did in *Doe.* Def.'s Mot. Dismiss at 9 ("Ms. Greenhill's settlement agreement states that if she 'believes that the Department failed to comply with the terms of this Agreement, she must notify the Department's EEO Director in writing within thirty (30) calendar days of the date Complainant knew or should have known of the alleged non-compliance.' "). The fact that the settlement agreement states that the complainant "*must* notify the Department's EEO Director in writing within thirty (30) calendar days" (emphasis added) does not mean that notification to the EEO Director is the *only* means of redressing an alleged breach; rather, the requirement to notify the EEO Director is obligatory only *if* a complainant chooses to pursue the administrative process. The language of the settlement agreement does not divest plaintiff of the right to pursue a claim for damages in this court.[4]

## III. Plaintiff Has Adequately Alleged that Breach of the Settlement Agreement Was the Proximate Cause of the Damages She Seeks.

■ Defendant argues that the complaint fails to state a claim upon which relief can be granted because plaintiff "has not alleged that the alleged breach of the settlement agreement was the proximate cause of the damages claimed." Def.'s Mot. Dismiss at 10. Defendant acknowledges that the parties entered into a settlement agreement and that plaintiff has alleged that defendant breached its duty to provide neutral references to prospective employers. *Id.* Defendant states, however, that plaintiff "fails to assert that the Government's alleged breach of the settlement agreement caused the damages she seeks. Furthermore, to the extent that Ms. Greenhill is seeking damages for the Government's failure to hire her at DOJ, the Court 'cannot grant monetary relief for the loss of a position to which a federal employee has not

---

4. Even if giving notice were a requirement to pursue this claim for damages and plaintiff failed to do so (assuming, as we must, that the facts are otherwise as alleged by plaintiff), her performance was excused due to defendant's prior material breach. *See* RESTATEMENT (SECOND) CONTRACTS § 237 (1981) ("[I]t is a condition of each party's remaining duties to render performances to be exchanged under an exchange of promises that there be no uncured material failure by the other party to render any such performance due at an earlier time.").

been appointed.'" *Id.* (citing *Westover v. United States,* 71 Fed.Cl. 635, 640 (2006)).

Plaintiff has adequately alleged that DOJ rescinded its offer because of defendant's breach of the settlement agreement. Plaintiff has also alleged that she lost a position with a private company in August 2004 because of defendant's actions with respect to the settlement agreement. From the complaint, it appears that plaintiff was working for a private company under contract with the Department of Transportation's Office of Safety. Plaintiff alleges that she lost that job due to a tax lien, financial difficulties, and an issue with a background investigation, all attributable to "the way the settlement was handled by [DOE]." Complaint at 4. Greater specificity in pleading the essential elements of breach, proximate cause and damages is not required at this stage of the case. *See Twombly,* 127 S.Ct. at 1964–65.

### *CONCLUSION*

For the reasons set forth above, defendant's motion to dismiss for failure to state a claim pursuant to RCFC 12(b)(6), or in the alternative for summary judgment pursuant to RCFC 56, is **DENIED.** Defendant shall file its answer no later than May 30, 2008.

IT IS SO ORDERED.