.555 P.2d 1117

**STATE of Arizona, Appellee,**

v.

**Herschell Roy SCOTT, Appellant.**

**No. 3316.**

Supreme Court of Arizona,
En Banc.

Sept. 22, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Teresa S. Thayer, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Appellant Herschell Roy Scott was convicted, after a jury trial, of rape in the first degree, on May 8, 1975. He was sentenced to twenty years to life. He appealed this conviction and we have jurisdiction pursuant to the Arizona Constitution, art. 2, § 24, art. 6, § 5, and A.R.S. §§ 13-1711 and 12-120.21(A)(1).

The rape for which he was convicted was committed against appellant's natural daughter, Karen Diane Scott, who was 17 years old at the time of the incident. She testified she was forcibly raped by her father sometime in October, 1974, in a single bed, which was also occupied by two younger sisters, Deborah, 15 years old at the time, and Pamela, 8 years old at the time. Further, the incident occurred in a one-bedroom apartment, occupied by twelve people altogether, including Karen's mother, an aunt and an uncle.

Although her preliminary hearing testimony and her trial testimony differed in certain respects, Deborah corroborated her sister Karen's version of the rape. Deborah's and Karen's testimony formed the basis of the state's case; no doctors or other experts testified for the prosecution. The testimony of the two sisters, both at the preliminary hearing and at the trial, contained many inconsistencies which were brought out by thorough cross-examination.

The defendant took the stand in his own behalf and denied that the rape had ever occurred.

On appeal, three issues are raised:

1. Was the evidence sufficient to sustain the conviction?
2. Did the trial court commit reversible error in denying appellant's motion to strike certain testimony of the victim's sister, Deborah?
3. Was it error for the trial court to deny appellant's motion for a new trial?

## SUFFICIENCY OF EVIDENCE

Appellant contends that a conviction for rape should not be permitted to stand where the testimony upon which it is based is incredible, unreasonable, inherently improbable, or where there is evidence that malice inspired the prosecution, and he cites many Arizona cases in support thereof.

First, appellant's reliance on the cases cited is misplaced. Those cases stand for the proposition that where the conviction for rape is based on the complaining witness' testimony *alone, i. e.,* her uncorroborated testimony, then the court must carefully examine that testimony to make sue it is not inherently improbable or inspired by malice. *State v. Godsoe,* 107 Ariz. 367, 489 P.2d 4 (1971). Here, we have a situation where the complainant's testimony is corroborated by her sister's testimony. Additionally, however, we feel the testimony is *not* inherently improbable, unreasonable, incredible, or inspired by malice.

Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative

facts to support the conviction. *State v. Riggins,* 111 Ariz. 281, 528 P.2d 625 (1974). The credibility of witnesses is an issue to be resolved by the jury; as long as there is substantial supporting evidence, we will not disturb their determination. *State v. Harrison,* 111 Ariz. 508, 533 P.2d 1143 (1975). The jury here apparently determined the credibility issue against appellant. We hold that the evidence was sufficient to sustain the conviction.

## DENIAL OF MOTION TO STRIKE "HEARSAY" TESTIMONY

■ At the trial, Deborah was impeached by defense counsel through the use of her prior testimony at the preliminary hearing. On redirect examination, the state attempted to rehabilitate her by asking her the following questions:

"Q. When you were testifying at the prelim, and you were afraid, what were you afraid would happen?

. . .

"A. My dad said if he gets out that one of us, one of these days one of us are going to meet and only he is going to walk away."

On recross-examination defense counsel elicited the fact that this remark was not made directly to Deborah by appellant, but was related to her by her sisters. Defense counsel then moved to strike the testimony based on the hearsay objection. The court refused to do so.

■ On appeal, appellant argues that this statement was rank hearsay, admission thereof denying appellant a fair trial and, therefore, reversible error. We disagree. The state offered the statement not for the truth thereof, but to show the state of mind of the hearer, Deborah, and to explain why she testified a certain way at the preliminary hearing. Therefore, the hearsay rule simply does not apply.

"Another situation to which the hearsay rule does not apply occurs where evidence of words, writings or conduct of *third parties* is offered for the purpose of showing their effect on a person whose conduct is in question. The value of the evidence in such cases does not depend on the truth of the words, but is relevant to prove the knowledge, motive or reasonableness of conduct *of the person receiving the communication.*" Udall, *Arizona Law of Evidence,* § 173, p. 350.

*See also McCormick on Evidence,* 2d Ed., § 249; 6 Wigmore, *Evidence,* § 1789 (Chadbourn rev. 1976); and *State v. King,* 106 Ariz. 478, 478 P.2d 102 (1970).

Appellant's reply brief seeks to put a restriction on this rule by alleging that it applies only when the sole purpose is to show the effect upon a person whose motive or conduct during the events at issue in the case is in question. It cites two Arizona cases for this proposition. Neither the cases cited nor Wigmore, McCormick or Udall suggest such a restriction.

We hold, therefore, that the trial court did not commit reversible error by refusing to strike the testimony of Deborah with regard to a threat reportedly made by the appellant. It was not offered to show the truth of the statement and was, therefore, not hearsay.

## DENIAL OF MOTION FOR NEW TRIAL

Appellant moved for a new trial and based that motion, in part, on an alleged declaration by the complaining witness, Karen, that she had lied during the trial in order to convict the appellant. On September 5, 1975, the trial court held a hearing to determine whether or not a new trial should be granted.

Testifying for the appellant at this hearing was his wife and another daughter, both of whom said that they had overheard Karen, in the hall outside the trial judge's chambers, say she lied to put her father in prison. Also in evidence before the court at this hearing were the results of a lie detector test given to Karen for the very purpose of determining whether or not she lied at the trial. Its introduction at the

hearing was stipulated to by both the defense and the prosecution.

We have frequently said that the trial court is in the best position to determine the credibility of recanting evidence, and that it is not a legal requirement that a new trial be granted even when a witness himself states he has perjured himself. *State v. Schroeder*, 100 Ariz. 21, 409 P.2d 725 (1966).

After observing the witnesses for the defense, and seeing the results of the polygraph, which indicated that Karen did *not* lie at the trial, the trial judge denied the motion for a new trial. The granting or denying of a new trial is within the sound discretion of the trial judge and not a basis to reverse a conviction unless an abuse of that discretion affirmatively appears. *State v. Sisk*, 112 Ariz. 484, 543 P. 2d 1113 (1975). We hold there was no abuse of discretion in denying the motion for a new trial in this instance.

The judgment of conviction and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.