NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESSE LUNA, *Appellant.*

No. 1 CA-CR 14-0864
FILED 2-23-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-438634-001 DT
The Honorable Brian Kaiser, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*


Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

---

**K E S S L E R**, Judge:

¶1        Appellant Jesse Luna appeals his convictions for two counts of aggravated driving under the influence ("DUI") and two concurrent eight-year prison terms.[1] Counsel for Luna filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530 (App. 1999). Finding no arguable issues to raise, counsel requested that this Court search the record for fundamental error. Luna was given the opportunity to, but did not file, a supplemental brief *in propia persona*. For the reasons that follow, we affirm Luna's convictions and sentences. However, we correct the sentencing minute entry in this case referencing Luna's 1990 prior felony conviction.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        On August 13, 2013, an on-duty Phoenix police officer stopped Luna on suspicion of drunk driving. Luna's driver's license showed an interlock device requirement and a search of state vehicle records revealed Luna's driving privileges were suspended. The officer could smell alcohol on Luna's breath, and found open beer containers in Luna's car. Another officer conducted a Horizontal Gaze Nystagmus ("HGN") test on Luna, and found four out of six maximum cues of alcohol impairment. Luna refused to do any more sobriety tests.

¶3        Luna was arrested and taken to a DUI van, where a phlebotomist drew Luna's blood pursuant to a search warrant authorizing the draw. Luna also spontaneously stated that he would be sober before

---

[1] Count 1 (aggravated DUI, impaired, a class four felony with two historical prior felony convictions); and Count 2 (aggravated DUI, alcohol concentration of 0.08 or more, a class four felony with two historical prior felony convictions).

the police would get his blood. Luna's reported blood alcohol concentration was 0.120.

¶4 A jury convicted Luna for two counts of aggravated DUI. At sentencing, the judge found Luna had two historical prior felony convictions, and sentenced Luna concurrently to two mitigated eight-year terms, with credit for 42 days of presentence incarceration.[2]

¶5 Luna timely appealed. We have jurisdiction of the appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 13-4031 (2010), -4033(A)(1) (2010).

## DISCUSSION

¶6 In an *Anders* appeal, this Court must review the entire record for fundamental error. Error is fundamental when it affects the foundation of the case, deprives the defendant of a right essential to his defense, or is an error of such magnitude that the defendant could not possibly have had a fair trial. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). To reverse, the defendant must also show that the error prejudiced him. *Id.* at ¶ 20.

¶7 In reviewing the sufficiency of evidence at trial, "[w]e construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12 (1998). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424–25 (1976)).

¶8 The record reveals substantial evidence to support the jury's verdicts for both aggravated DUI counts. Count 1 required proof that Luna was driving while under the influence of intoxicating liquor, impaired, and while under a court order to equip his vehicle with a certified ignition interlock device. *See* A.R.S. §§ 28-1381(A)(1) (2012), -1383(A)(4) (Supp. 2015).[3] Count 2 required proof that Luna was driving while under the influence of intoxicating liquor, with an alcohol concentration of 0.08 or more, and while under a court order to equip his vehicle with a certified ignition interlock device. *See* A.R.S. §§ 28-1381(A)(2), -1383(A)(4).

---

[2] Luna was not present at the return of the verdict and later was arrested on a warrant issued by the trial court.

[3] We cite the current version of the applicable statutes unless revisions material to this decision have occurred since the events in question.

¶9        Phoenix police officers testified that Luna was driving a vehicle and swerving between traffic lanes before they stopped him. The officers also testified they found open beer cans in Luna's vehicle, he smelled like alcohol, and an HGN test revealed four out of six maximum cues of alcohol impairment. The phlebotomist who performed Luna's blood analysis testified Luna's blood alcohol concentration was 0.120. An MVD custodian of records/analyst testified Luna had an ignition interlock requirement on his license and that his driving privilege was suspended. Thus, there was sufficient evidence to satisfy all of the elements of both aggravated DUI counts.

¶10       The record reveals substantial evidence to support the sentencing judge's finding of two historical prior felonies. In 1990, Luna was convicted of aggravated assault, a class 3 "dangerous" felony. *See* A.R.S. §§ 13-702 (2010), -1204 (Supp. 2015).[4] In Arizona, a prior felony conviction that involved a dangerous offense is a "historical prior felony" irrespective of the date of conviction. A.R.S. § 13-105(22)(a)(ii) (Supp. 2015). Luna also was convicted for two class four felonies for misconduct involving weapons in 2002. Thus, Luna's felony convictions in 2002, in conjunction with the aggravated assault felony conviction from 1990, constituted his third felony conviction, and his second historical prior felony. *See* A.R.S. § 13-105(22)(d) (providing that "[a]ny felony conviction that is a third or more prior felony conviction" constitutes a "historical prior felony").

## CONCLUSION

¶11       After careful review of the record, we find no meritorious grounds for reversal of Luna's convictions or modification of the sentences imposed. The evidence supports the verdicts, the sentences imposed were within the sentencing limits, and Luna was represented at all stages of the proceedings below. Accordingly, we affirm Luna's convictions and sentences.

¶12       The sentencing minute entry erroneously states Luna's 1990 prior aggravated assault conviction as "CR1990-006588 Assault, a Class 4 Felony." However, the sentencing minute entry from the 1990 case documents Luna's conviction as "CR90-06588 *Aggravated* Assault, a *class three dangerous felony.*" (Emphasis added.) Accordingly, we correct the

---

[4] A.R.S. § 13-702 embodies the current version of A.R.S. § 13-604 (1989), which was the Arizona statutory provision in effect in 1990 that classified Luna's 1990 felony conviction as "dangerous."

sentencing minute entry here referring to Luna's 1990 prior felony conviction as follows: Aggravated Assault, a Class 3 and Dangerous Felony committed on 6/1/1990 and convicted on 10/4/1990 in CR90-06588 in Maricopa County Superior Court.

**¶13** Upon the filing of this decision, counsel shall inform Luna of the status of the appeal and his options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Luna shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED : ama