NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LAWRENCE EDWARD COCHRAN, *Appellant.*

No. 1 CA-CR 15-0235
FILED 3-29-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-108732-001
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael J. Dew Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

---

**G E M M I L L**, Judge:

¶1          Lawrence Cochran appeals his convictions for two counts of possession of narcotic drugs for sale, one count of possession of marijuana for sale, one count of possession of drug paraphernalia, and two counts of misconduct involving weapons.  Cochran's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that he has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error.  Cochran was afforded the opportunity to file a *pro se* supplemental brief and has done so.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2          "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions."  *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001).

¶3          In February 2013, Officer M.W. of the Tempe Police Department stopped Cochran for a traffic violation.  Officer M.W. approached the vehicle and began checking Cochran's information. Officer M.W. noticed Cochran reaching between his legs toward the floor of the vehicle and asked him if he had any weapons or drugs in the vehicle. Cochran responded that he did not.

¶4          Cochran was arrested pursuant to an outstanding warrant. When Officer M.W. entered Cochran's vehicle to move it out of the driveway in which it was parked, he observed a handgun in a holster underneath the driver's seat.  At the same time, Officer J.M. searched Cochran pursuant to his arrest and found a small baggie of marijuana in his pants pocket.

¶5          Cochran was taken to the Tempe jail where he was more thoroughly searched, leading to the discovery in his underwear of a plastic

2

bag containing several different substances. Lab analysis verified that the bag contained 24.3 grams of powder cocaine, 2.86 grams of cocaine base, and 17.1 grams of marijuana divided up into 5 baggies weighing approximately 3.3 grams each. Detective R.P. testified that, among other things, the amount and packaging of the marijuana and the amount and presence of all three drugs together indicated possession with intent to sell.

¶6 After several days of trial, a jury found Cochran guilty on Count 1, possession of narcotic drugs for sale (cocaine), Count 2, possession of narcotic drugs for sale (crack cocaine), Count 3, possession of marijuana for sale, Count 4, possession of drug paraphernalia, Count 5, misconduct involving weapons (possessing a weapon while committing possession of narcotic drugs for sale), and Count 6, misconduct involving weapons (failing to accurately answer an officer when asked whether he was possessing a concealed deadly weapon). The trial court sentenced Cochran to 4 years in the Department of Corrections for Counts 1 and 2, and lesser terms for each other count, all to be served concurrently, with 385 days of pre-sentence credit.

¶7 Cochran appeals, and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

## DISCUSSION

¶8 Cochran contends that his convictions were not supported by substantial evidence and therefore his rights under the Fourteenth Amendment were violated. He claims the State failed to present substantial evidence to support the element of possession for all of the drug counts. Section 13-105(34), A.R.S., defines possession as "a voluntary act if the defendant knowingly exercised dominion or control over property." Cochran argues that the only direct evidence of why he had the drugs was that a friend left them in his car and he, without knowing what they were, put them in his pants for safe keeping.

¶9 "When reviewing the sufficiency of the evidence, an appellate court does not reweigh the evidence to decide if it would reach the same conclusions as the trier of fact." *State v. Barger*, 167 Ariz. 563, 568 (App. 1990). "Substantial evidence to support a conviction exists when reasonable persons could accept it as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Burns*, 237 Ariz. 1, 20–21, ¶ 72 (2015) (internal quotes omitted). We will reverse a conviction

for insufficiency of evidence only if "there is a complete absence of probative facts to support the conviction." *State v. Scott*, 113 Ariz. 423, 424–25 (1976).

¶10 Although Cochran presented witness testimony supporting his position, the jury was free to accept or disbelieve such testimony. The State argued, and the jury could have believed, that Cochran's friend was not the source of the drugs and that Cochran had obtained the drugs elsewhere. The location, quantity, and packaging of the drugs, along with Detective R.P.'s testimony regarding indicators of possession with intent to sell as opposed to mere possession for use provided the jury with sufficient evidence to conclude that Cochran knowingly possessed the drugs with the intent to sell them. *See State v. Harvill*, 106 Ariz. 386, 391 (1970) (the jury may consider both direct and circumstantial evidence equally in determining its verdict); *see also State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004) (the jury determines witness credibility and may draw reasonable inferences from the evidence).

¶11 Regarding the two counts of misconduct involving weapons, the evidence showed that Cochran did not truthfully answer Officer M.W. when asked if he — Cochran — had a weapon, and furthermore Cochran had a firearm while in possession of drugs with intent to sell as the jury found in Counts 1 and 2. Therefore, substantial evidence supported the jury's verdicts regarding misconduct involving weapons.

¶12 Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, we find none. The evidence presented supports the convictions, and the sentences imposed fall within the ranges permitted by law. As far as the record reveals, Cochran was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶13 Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85, (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform Cochran of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Cochran has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

**CONCLUSION**

¶14     The convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama