NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOHN JOSEPH MARTINEZ, *Appellant*.

No. 1 CA-CR 15-0486
FILED 7-21-2016

Appeal from the Superior Court in Maricopa County
No. CR2010-104491-002
The Honorable Peter C. Reinstein, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*


Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kent E. Cattani joined.

_____

**K E S S L E R**, Judge:

¶1 John Joseph Martinez ("Martinez") appeals his conviction and sentence for participating in a criminal street gang with two prior felony convictions, a class 2 non-dangerous, repetitive felony, in violation of Arizona Revised Statutes ("A.R.S.") section 2321 (2010).[1] Counsel for Martinez filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Finding no arguable issues to raise, counsel requests that this Court search the record for fundamental error. Martinez was given the opportunity to file a supplemental brief *in propria persona*, but did not do so. For the reasons that follow, we affirm Martinez's conviction and sentence.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Martinez was indicted for one count of participating in a criminal street gang, a class 2 felony. The State alleged the following: the crime was committed with the intent to promote, further, or assist criminal conduct by a criminal street gang; Martinez had ten historical non-dangerous felony convictions; and Martinez committed the current offense while on release or escape from confinement in another case. As detailed below, the State presented evidence at trial that Martinez was a member of a criminal street gang and agreed to assault persons not complying with the gang's orders, arranged to sell illegal drugs for the gang, and collected funds from such sales.

¶3 After the jury convicted Martinez of the charged offense, during the aggravation phase the jury found that Martinez had acted in furtherance of, to benefit, or in association with a criminal street gang. The superior court found that the State proved Martinez had eight prior felony convictions, serving as enhancements for the present conviction. The court

_____

[1] We cite to the current versions of statutes when no changes material to this decision have since occurred.

2

also found for purposes of sentencing that Martinez was convicted of influencing a witness and of aggravated robbery.

¶4        The superior court sentenced Martinez to 22 years' imprisonment and awarded 350 days of presentence incarceration credit. At a consolidated sentencing hearing, the court ordered the sentence to run concurrent with the sentences for counts 4 and 5 in CR2014-138099-001. This is consistent with his sentencing in the latter case, which this Court affirmed on appeal in *State v. Martinez*, 1 CA-CR 15-0485, 2016 WL 3773508 (Ariz. App. July 12, 2016) (mem. decision). Count 3 of the 2014 case, six years' imprisonment, was ordered to run consecutive to the current sentence.

¶5        Martinez timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, as well as A.R.S. §§ 12-120.21(A)(1) (2016), 13-4031 (2010), -4033(A)(1) (2010).

## DISCUSSION

¶6        In an *Anders* appeal, this Court reviews the entire record for fundamental error. Error is fundamental when it affects the foundation of the case, deprives the defendant of a right essential to his defense, or is of such magnitude that the defendant could not possibly have had a fair trial. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). To obtain a reversal, the defendant must also demonstrate that the error caused prejudice. *Id.* at ¶ 20.

¶7        There is sufficient evidence in the record to support Martinez's conviction. In reviewing the sufficiency of evidence at trial, "[we] construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12 (1998), *recognized as abrogated on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25 (1976)) (internal quotation marks omitted).

¶8        A person is guilty of participating in a criminal street gang by intentionally directing, supervising or financing the gang with intent to promote or further the gang's criminal objectives, knowingly inducing others to engage in violence or intimidation to promote or further the gang's criminal objectives, or furnishing advice or direction in the conduct of the gang's affairs with the intent to promote or further the gang's

criminal objections. A.R.S. § 13-2321(A). The State presented sufficient evidence that Martinez is a criminal street gang member of Eastside Mesa Locos. First, it provided evidence consistent with A.R.S. § 13-105(8) (Supp. 2015) that a "criminal street gang" is "an ongoing formal or informal association of persons in which members or associates individually or collectively engage in the commission, attempted commission, facilitation, or solicitation of any felony act and that has at least one individual who is a criminal street gang member." Second, it presented evidence that to qualify as a "criminal street gang member," a potential member must meet two out of the seven criteria in A.R.S. § 13-105(9): (1) self-proclamation, (2) witness testimony or official statement, (3) written or electronic correspondence, (4) paraphernalia or photographs, (5) tattoos, (6) clothing or colors, and (7) any other indicia of street gang membership.

¶9 At trial, witnesses testified that Martinez met the criteria to qualify as a criminal street gang member. Regarding the self-proclamation criterion, several witnesses testified that during their meetings with Martinez, Martinez yelled out "Eastside" and told the witnesses that he had been a member of Eastside Mesa Locos since he was a child. Regarding the tattoo criterion, several witnesses who are experts on Arizona gangs testified that several of Martinez's tattoos were related to his membership in a gang, which Martinez confirmed.

¶10 The State also provided sufficient evidence that Martinez's actions were done in furtherance, to benefit, or in association with a criminal street gang. Several witnesses, one of whom conducted investigations of the Arizona Mexican Mafia, testified on the relationship between the Mafia and criminal street gangs. One witness testified that Martinez participated in three phone calls[2] with incarcerated gang members and that Martinez had agreed to assault or had already assaulted someone, was willing to commit violent acts on behalf of the Mafia, possessed and sent drugs to incarcerated Mafia members, and began to organize crews to get money for the Mafia.

## CONCLUSION

¶11 After careful review of the record, we find no meritorious grounds for reversal of Martinez's conviction or modification of the

---

[2] The phone calls were part of the witness's three-year long investigation of the Arizona Mexican Mafia.

sentence imposed.  The record reflects that Martinez had a fair trial and all proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The evidence supports the verdict and the sentence imposed was within sentencing limits.[3]   Martinez was present and represented by counsel at all critical stages.[4]   Accordingly, we affirm Martinez's conviction and sentence.

**¶12**        Upon the filing of this decision, counsel shall inform Martinez of the status of the appeal and his options.  Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Martinez shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: AA

---

[3]      The 350-day presentence incarceration credit is correct.  Martinez was arrested and booked on July 16, 2014. He posted bond on July 29, 2014. He was arrested for CR2014-138099-001 on August 7, 2014. Sentencing occurred on July 10, 2015.

[4]      Martinez was not present for the not guilty arraignment continuation, so the court reset the same arraignment for a later date, which Martinez attended.