NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARK JOSEPH KINNEY, *Appellant.*

No. 1 CA-CR 16-0324
FILED 1-17-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-134575-001
The Honorable Richard L. Nothwehr, Commissioner, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

<hr>

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Randall M. Howe joined.

<hr>

**K E S S L E R**, Judge:

¶1        Appellant Mark Joseph Kinney was tried and convicted of criminal trespass in the first degree, a class 1 misdemeanor, and sentenced to 180 days' imprisonment. Counsel for Kinney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530 (App. 1999). Finding no arguable issues to raise, counsel requests this Court search the record for fundamental error. Kinney was given the opportunity to, but did not file, a supplemental pro per brief. For the reasons that follow, we affirm Kinney's conviction and sentence.

## FACTUAL AND PROCEDURAL HISTORY

¶2        CC is one of Kinney's neighbors and has known him for approximately four years. On the morning of July 22, 2015, CC walked with her children to a nearby park. Upon returning home, CC noticed that her garage door was closed and undamaged. After entering her home, CC observed light coming from her garage and discovered that the previously closed garage door was open approximately three and a half feet. CC closed the garage door and returned inside, only to hear loud banging on the door between the garage and the interior of the home. CC screamed at the intruder, who identified himself as "Mark." Based on their years of association, CC was able to identify the voice as Kinney's. CC took her children upstairs and called the police.

¶3        When Officer PL arrived at the home, the garage door was again open approximately three feet. Officer PL observed that the door between the home and the garage had been damaged and noticed a claw hammer on the ground next to the damaged door. The deadlock appeared to have been struck by the hammer from the garage side of the door.

¶4        After a bench trial, Kinney was found guilty of one count of criminal trespass in the first degree and sentenced to 180 days' imprisonment. Kinney received 180 days' credit for time served.

¶5 Kinney timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016) and 13-4033(A)(1) (2010).[1]

## DISCUSSION

¶6 In an *Anders* appeal, this Court must review the entire record for fundamental error. Error is fundamental when it affects the foundation of the case, deprives the defendant of a right essential to her defense, or is an error of such magnitude that the defendant could not possibly have had a fair trial. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (citation omitted). To obtain reversal for fundamental error, the defendant bears the burden to show the error was prejudicial. *Id*. at ¶ 20.

¶7 In reviewing the sufficiency of evidence at trial, "[w]e construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12 (1998) (citation omitted). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25 (1976)).

¶8 "A person commits criminal trespass in the first degree by knowingly . . . [e]ntering or remaining unlawfully in or on a residential structure."[2] A.R.S. § 13-1504(A)(1) (2014).

¶9 Here, ample evidence supports the superior court's findings. The trespasser identified himself as "Mark" and CC recognized the voice as Kinney's. Officer PL observed an open garage door and a damaged door leading from the garage to the home's interior, suggesting the presence of an intruder. Another El Mirage Police Officer, Officer JJ, testified he had warned Kinney on a previous occasion that Kinney did not have permission to enter CC's home, was not welcome there, and would be arrested if he returned. There is sufficient evidence demonstrating that Kinney was inside CC's garage and that he knew his presence there was unlawful.

---

[1] We cite to the current version of statutes unless changes material to this decision have occurred.

[2] Although criminal trespass under A.R.S. § 13-1504(A)(1) is a class 6 felony, the State moved to designate the offense as a class 1 misdemeanor. *See* A.R.S. § 13-1504(B).

**CONCLUSION**

¶10      After careful review of the record, we find no meritorious grounds for reversal of Kinney's conviction or modification of the sentence imposed. The evidence supports the verdict, the sentence imposed was within the sentencing limits, and Kinney was represented at all stages of the proceedings below and was allowed to address the court before sentencing. Accordingly, we affirm Kinney's conviction and sentence.

¶11      Upon the filing of this decision, counsel shall inform Kinney of the status of the appeal and his options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Kinney shall have thirty days from the date of this decision to proceed, if he so desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA