NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

PAUL DWAYNE SHEROD, *Appellant.*

No. 1 CA-CR 16-0408
FILED 4-20-2017

---

Appeal from the Superior Court in Maricopa County
No. CR2015-113946-001
The Honorable Carolyn K. Passamonte, Commissioner

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kent E. Cattani joined.

---

**K E S S L E R**, Judge:

¶1 Appellant Paul Dwayne Sherod was tried and convicted of misconduct involving weapons, a class 4 felony, and sentenced to seven years' imprisonment. Counsel for Sherod filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530 (App. 1999). Finding no arguable issues to raise, counsel requests this Court search the record for fundamental error. Sherod did not file a supplemental pro per brief, but he requested his counsel raise several issues that we address below. For the reasons that follow, we affirm Sherod's conviction and sentence.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Mesa Police Department ("MPD") Detective BS executed a search warrant for an apartment where Sherod was residing. The warrant was served by a SWAT team who ordered Sherod and a female associate out of the apartment. Detective BS, waiting outside while SWAT cleared the property, did not observe anyone else leave the apartment.

¶3 Detective BS testified that a loaded .38 revolver was discovered under bedsheets on the bed in the apartment. No photographs were taken of the gun while it was on the bed. MPD forensic scientists determined that the revolver was operable. Detective BS testified that the gun was not tested for DNA or fingerprints because Sherod admitted owning the gun. Sherod told Detective BS during his initial interview that he received the gun from a man named Russell, who was never identified. In contrast, at trial Sherod testified the gun belonged to Russell, although he was aware it was in his apartment. Sherod asserted he had informed Detective BS from the beginning that the gun was Russell's. Sherod stipulated at trial that he was a prohibited possessor.

¶4 During his interrogation, Sherod stated he lived in the apartment with two other people. Sherod told the police the others slept on

couches downstairs. However, Sherod testified that he was the one sleeping on a couch downstairs because navigating the stairs was too painful.

¶5         Both bedrooms were located on the second floor of the apartment. Detective BS did not see a wheelchair in the apartment and testified that Sherod was walking on his own. While Sherod claimed that, at the time of the search, he had not been upstairs in either of the bedrooms for over a week because it was too difficult for him to use the stairs, Sherod's Arizona identification was found in the room with the bed and the gun, as were items of Sherod's clothing.

¶6         Sherod was convicted after a jury trial and sentenced to seven years' imprisonment. Sherod timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016) and 13-4033(A)(1) (2010).[1]

## DISCUSSION

¶7         In an *Anders* appeal, this Court must review the entire record for fundamental error. Error is fundamental when it affects the foundation of the case, deprives the defendant of a right essential to his defense, or is an error of such magnitude that the defendant could not possibly have had a fair trial. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (citation omitted).  To obtain reversal for fundamental error, the defendant bears the burden to show the error was prejudicial.  *Id.* at ¶ 20.

¶8         Sherod requested his appellate counsel raise the following:

> [(1)] the mishandling of evidence by Mesa P.D. i.e: [t]here was no photo evidence of where they claim they found the gun[and t]hey did not perform finger print tests or DNA tests and as a result did not provide any physical evidence that the gun was mine[; and (2)] there was another person present at the time of the search and this person was never questioned. . . . I believe my attorney should have interviewed them and presented them as witnesses.

---

[1]     We cite to the current version of statutes unless changes material to this decision have occurred.

These arguments are essentially a challenge to the sufficiency of evidence and a claim of ineffective assistance of counsel.

I.      Sufficiency of Evidence

**¶9**      In reviewing the sufficiency of evidence at trial, we construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant. *State v. Gallegos*, 178 Ariz. 1, 9, (1994) (citation omitted). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25 (1976)).

**¶10**      A person commits misconduct involving weapons by knowingly "[p]ossessing a deadly weapon or prohibited weapon if such person is a prohibited possessor." A.R.S. § 13-3102(A)(4) (2014). A "prohibited possessor" is any person "[w]ho has been convicted within or without this state of a felony . . . and whose civil right to possess or carry a gun or firearm has not been restored." A.R.S. § 13-3101(A)(7)(b) (2016). "Deadly weapon" includes firearms. A.R.S. § 13-3101(A)(1).

**¶11**      Sherod stipulated that he was a prohibited possessor. The weapon was loaded and certified by a forensic scientist as operational.

**¶12**      The gun was found in Sherod's apartment, in the bed of a bedroom containing his identification and clothes. Detective BS testified that he observed Sherod walking without assistance. Sherod initially admitted the gun was his and told Detective BS that he covered the gun with a bedsheet to hide it. Even at trial, while asserting the gun belonged to Russell, Sherod testified he knew the gun was in his apartment. We find sufficient evidence supports the conclusion that Sherod knowingly possessed a firearm.

**¶13**      Additionally, Sherod's argument is based on the implication that further investigation would have revealed his innocence. However, we will not speculate on appeal about what could have happened and Sherod has not established a reasonable likelihood that further investigation would have affected the jury's verdict. For this additional reason, we reject Sherod's claim. *See, e.g.*, *State v. Escalante-Orozco*, 241 Ariz. 254, 280, ¶ 91 (2017) (citation and quotation omitted).

II.     Ineffective Assistance of Counsel

**¶14**         Sherod's ineffective assistance of counsel claim cannot be raised in a direct appeal. Such claims may only be brought in proceedings under Arizona Rule of Criminal Procedure 32, and this Court will not address them on direct appeal, regardless of merit. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

## CONCLUSION

**¶15**         After careful review of the record, we find no meritorious grounds for reversal of Sherod's conviction or modification of the sentence imposed. The evidence supports the verdict, the sentence imposed was within the sentencing limits, and Sherod was represented at all stages of the proceedings below and was allowed to address the court before sentencing. Accordingly, we affirm Sherod's conviction and sentence.

**¶16**         Upon the filing of this decision, counsel shall inform Sherod of the status of the appeal and his options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Sherod shall have thirty days from the date of this decision to proceed, if he so desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA