NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER LEN NELSON, *Appellant.*

No. 1 CA-CR 17-0822
FILED 1-24-2019

Appeal from the Superior Court in Maricopa County
No. CR2015-138506-001
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee*

The Law Office of Kyle T. Green P.L.L.C., Tempe
By Kyle Green
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

_____

**C R U Z**, Judge:

¶1        Christopher Nelson appeals his convictions and sentences for three counts of sexual exploitation of a minor, class 2 felonies.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Nelson was charged with three counts of sexual exploitation of a minor in violation of Arizona Revised Statutes ("A.R.S.") section 13-3553(A) by possessing child pornography.  The charges and his convictions on those counts are based on three videos found on an SD card located in a ZTE cell phone found in Nelson's pants pocket when he was arrested.  The police seized the cell phone pursuant to a search warrant as part of an investigation into unrelated allegations of sexual exploitation of a minor. The three videos were discovered by police during a forensic examination of the ZTE cell phone.  The three videos were recovered from unallocated space on the SD card in full-file format.  According to Detective Fiore, who conducted the forensic examination, these three files were likely recently deleted from the ZTE cell phone before the phone was taken by police.

¶3        In November 2014, the Phoenix Police Department executed a search warrant at Nelson's apartment and took possession of an Acer laptop and an Apple iPhone discovered in a bedroom.  Nelson was not at the apartment during the search; before leaving, the police left a copy of the search warrant in the living room.

¶4        Police contacted Nelson's former girlfriend, who arranged for Nelson to meet at her workplace later that day.  When Nelson arrived, he was with a woman and her five-year-old son.  Nelson was arrested, and an officer found a ZTE cell phone in Nelson's pants pocket.  Detective Angel, the investigation leader, submitted the ZTE cell phone, Acer laptop, and iPhone for a forensics examination.  Detective Fiore conducted the forensic examination and found three videos depicting the sexual abuse of a boy on an SD storage card located inside the ZTE cell phone.  Detective Angel later

determined that the child depicted in the videos was the same boy who was with Nelson on the day he was arrested.

**¶5**      As part of Detective Fiore's forensic examination, he searched for indicia of ownership; on the SD card, he found multiple selfies of Nelson and photographs of the search warrant and property receipt the police left at Nelson's apartment.  Detective Fiore also testified that he found the three videos in full-file format located within unallocated space on the SD card, meaning the videos were deleted, which indicated to him that the videos were likely deleted recently before his examination.  Because the files were in full-file format, Detective Fiore testified that "when [the videos were] deleted, there was minimal to no use after that, because . . . portions of any one of those files would've been overridden, and I would not have been able to recover them in their entirety."  He also testified that he found no indication that any other person had used the SD card on the ZTE phone.

**¶6**      Detective Fiore testified that he discovered indicia of Nelson's ownership on the Acer laptop and iPhone during the forensic examination. There was data showing that the ZTE phone had been plugged into the Acer laptop and the same selfies on the SD card were on the laptop. Moreover, the iPhone was named "Christopher's iPhone," and associated with the same personal email accounts found on the Acer laptop.

**¶7**      The victim's father also testified identifying his son as the child depicted in the videos.

**¶8**      At the jury trial, the court denied Nelson's motion for acquittal on all counts pursuant to Arizona Rule of Criminal Procedure ("Rule") 20.  The jury convicted Nelson of all counts and Nelson timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

I.      Preclusion of Cell Phone Evidence

**¶9**      Before trial, the superior court denied Nelson's motion *in limine* to preclude cell phone evidence "without prejudice to defense counsel being able to bring it up during the trial if he believes that there's foundational elements that have been missing."  A few weeks before trial, the State dismissed twenty-five counts of the indictment.  At trial, the three videos were admitted without objection from Nelson; these videos were the basis of the three remaining counts of sexual exploitation.

¶10         On appeal, Nelson argues that the superior court improperly admitted cell phone evidence, which Nelson describes as "evidence related to other media found on devices during a search warrant."  He generally contends the evidence was improper "other acts" evidence under Arizona Rule of Evidence 404(b) because the evidence was prejudicial and irrelevant.  However, Nelson fails to either specify exactly what evidence was improperly presented to the jury or cite to the record.

¶11         At trial, the three videos and sanitized screen shots from those videos, as well as other photographs of Nelson, the victim, the victim's mother, the location of the offenses, the vehicle in which Nelson was travelling when stopped by police, the laptop, the mobile phone recovered from Nelson, and an additional mobile phone were admitted without objection.  Other contraband images mentioned in the motion *in limine* were related to the twenty-five counts dismissed prior to trial.  Those images were never admitted into evidence.

¶12         We review a superior court's evidentiary ruling for an abuse of discretion.  *State v. Ellison*, 213 Ariz. 116, 129, ¶ 42 (2006).  "Absent a clear abuse of discretion, we will not second-guess a trial court's ruling on the admissibility or relevance of evidence."  *State v. Rodriguez*, 186 Ariz. 240, 250 (1996).

¶13         The State argues that Nelson's failure to meaningfully develop his argument constitutes waiver because Nelson generally argues that the images were extremely prejudicial and irrelevant, without any citation to the record identifying specific evidence he contends was improperly presented to the jury.  *See* ARCAP 13(a)(7); *State v. Moody*, 208 Ariz. 424, 452, ¶ 101 n.9 (2004) (explaining opening briefs that fail to present significant arguments supported by authority usually constitutes abandonment and waiver of that argument).

¶14         Notwithstanding the State's claim of waiver, the superior court did not err.  The court denied Nelson's pretrial motion with the explanation that Nelson should make his objections at trial.  There was no error in admitting the three videos.  Nelson was charged with possession of the three videos depicting sexual exploitation of the minor; therefore, admission of the videos into the record was necessary to prove an element of the crimes.  A.R.S. § 13-3553(A)(2); *see State v. Farley*, 199 Ariz. 542, 544, ¶ 8 (App. 2001) (explaining the state has the burden of proving every element of an alleged crime beyond a reasonable doubt).  The State did not introduce "other act" evidence pursuant to Ariz. R. Evid. 404(b).  None of the photographs admitted into evidence depicted illicit activity.  Instead,

they were received as circumstantial evidence of the crime, including ownership of the mobile phone upon which the illicit videos were located. Therefore, this evidence was relevant, and its probative value outweighed any prejudicial effect. Upon review of the record, we find that other contraband images or videos found on Nelson's electronic devices were not admitted or discussed with the jury. Accordingly, there was no error. *See State v. Morris*, 215 Ariz. 324, 339, ¶ 71 n.8 (2007) (appellant cannot establish prejudice from exhibits never admitted into evidence).

## II. Rule 20 Motion

**¶15** Nelson moved for acquittal pursuant to Rule 20, and argues the superior court erred in denying his motion on all three counts. We disagree.

**¶16** We review the superior court's ruling on a Rule 20 motion *de novo*. *State v. Florez*, 241 Ariz. 121, 124, ¶ 7 (App. 2016). A Rule 20 motion should only be granted if "there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a). Thus, the purpose of such a motion is to challenge the sufficiency of the evidence. *See State v. Jones*, 125 Ariz. 417, 419 (1980). "'Substantial evidence' is evidence that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *Id.* We resolve any conflict in the evidence in favor of sustaining the verdict, and we will reverse only if a complete absence of probative facts supports the conviction. *State v. Guerra*, 161 Ariz. 289, 293 (1989); *State v. Scott*, 113 Ariz. 423, 424-25 (1976). We will not weigh the evidence; that is the function of the jury. *Guerra*, 161 Ariz. at 293. If reasonable minds could differ on inferences to be drawn from the evidence, whether direct or circumstantial, the case must be submitted to the jury. *State v. Landrigan*, 176 Ariz. 1, 4 (1993).

**¶17** A person commits sexual exploitation of a minor if he or she knowingly possesses a "visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct." A.R.S. § 13-3553(A)(2). To "possess" something means "knowingly to have physical possession or otherwise exercise dominion or control over property." A.R.S. § 13-105(34). Possession may be actual or constructive. *State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013). Nelson argues the State failed to prove knowing possession because the SD card had pictures of other people who might have used or owned the ZTE cell phone and the State did not provide fingerprints or DNA evidence.

5

¶18 Nelson does not dispute that the three videos were visual depictions of a minor engaged in exploitive exhibition or other sexual conduct. Detectives testified the three videos were found on an SD card inside the ZTE cell phone found in Nelson's pocket when he was arrested. Detective Fiore testified specifically about indicia of identification and ownership found on the ZTE cell phone, the Acer computer, and the iPhone, which showed that Nelson possessed and accessed the cell phones and computer. Detective Fiore testified that the forensic examination determined the ZTE cell phone had been plugged into the Acer computer in order to access the information on the SD card. Moreover, Detective Fiore testified that the three videos were discovered in unallocated space within the ZTE cell phone, meaning they were deleted from the cell phone; however, Detective Fiore recovered the full-files for each video, which he ultimately testified was significant because it showed that the videos were recently deleted. Detective Fiore also found photos of the search warrant and selfies of Nelson on the phone. Further, Detective Angel explained that fingerprints are typically not gathered from electronic devices because it would inhibit their ability to retrieve digital information. Finally, the child's father identified his son depicted in the charged videos and testified that the child was a minor under the age of fifteen. In fact, the child was five years old.

¶19 The jury could reasonably infer from the evidence that after police executed the search warrant and before he was arrested, Nelson deleted the three videos from the SD card. This was substantial evidence that Nelson knowingly possessed the admittedly illicit video files. As such, the superior court did not err by denying Nelson's Rule 20 motion.

III. Sufficiency of the Evidence

¶20 Nelson makes the same arguments that there was insufficient evidence to convict him for possession of child pornography. In reviewing the sufficiency of the evidence, the question is whether there was substantial evidence from which a rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Routhier*, 137 Ariz. 90, 99 (1981). For reversible error based on insufficiency of the evidence to occur, there must be a complete absence of probative facts to support the conviction. *Scott*, 113 Ariz. at 424-25 (citation omitted). We will not set aside a jury verdict for insufficient evidence unless it "clearly appear[s] that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury." *State v. Arredondo*, 155 Ariz. 314, 316 (1987) (citation omitted).

**¶21** Substantial evidence supports the jury's verdicts. The State presented evidence that detectives discovered the charged depictions on an SD card inside a ZTE cell phone found in Nelson's pocket when he was arrested. As stated above, Detective Fiore testified that the SD card contained indicia of Nelson's ownership, including selfies and photos of a copy of the search warrant that police left in Nelson's house; and the detective testified to additional indicia of ownership on the Acer computer and iPhone that corroborated Nelson's ownership of the ZTE cell phone. Detectives testified that Nelson used the laptop, as corroborated by the iPhone discovered at Nelson's apartment, which had identical account information as the laptop and named "Christopher's iPhone." Moreover, the detective testified that Nelson previously viewed the files from the SD card on the Acer laptop. Finally, Detective Fiore testified the three contraband videos were deleted from the SD card, most likely just before he was arrested.

**¶22** Nelson's arguments ask the court to reweigh the evidence. On appeal, we will not reweigh the evidence. *Guerra*, 161 Ariz. at 293. The jury had sufficient evidence to find Nelson knowingly possessed the illegal depictions.

**CONCLUSION**

**¶23** We affirm Nelson's convictions and sentences.

