NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

GLENN ANTHONY BUTLER, *Appellant.*

No. 1 CA-CR 22-0473
FILED 3-14-2024

---

Appeal from the Superior Court in Maricopa County
No.  CR2021-007573-001
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Susser Law Firm, PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

Glenn Anthony Butler, Eloy
*Appellant*

_____

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Michael S. Catlett joined.

_____

**C R U Z**, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Glenn Anthony Butler has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Butler was convicted of one count of kidnapping, a class 2 felony; one count of armed robbery, a class 2 felony; two counts of aggravated assault, class 3 felonies; and two counts of aggravated assault, class 4 felonies.  Butler has filed a supplemental brief in propria persona, which the Court has considered.  After reviewing the record, we affirm Butler's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Butler.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        On October 31, 2021, D.G. attended an event at Club Stratus in Phoenix.  D.G. drove a blue Dodge Charger to the event and carried with him his identification, backpack with his laptop in it, two cellphones, and $5,000-$6,000 in cash.

¶4        At around 0200 AM, D.G. left Club Stratus and walked to his vehicle where he encountered three masked gunmen in his car.  While D.G. was being held at gunpoint in his vehicle, a second vehicle arrived, a black Dodge Challenger, and blocked D.G.'s vehicle.  The gunmen directed D.G. to follow the Challenger.  D.G. complied until one of the gunmen directed D.G. to pull over.  A gunman D.G. identified as Butler told D.G. to get into the back of the Charger.  Butler punched D.G. and hit him in the chest with a gun.  D.G. got into the back of the Charger and Butler drove until the car started smoking.  At that point, the group abandoned the Charger and placed D.G. in the back of the Challenger with three or four gunmen.  The men drove D.G. to a house in Phoenix.  During the drive and upon arrival

at the house D.G. was assaulted multiple times. At the house other men arrived, assaulted D.G., and placed D.G. in the back of a blue Mercedes. D.G. identified the driver of the Mercedes to be Butler's codefendant Gregory Ware.

¶5        In the Mercedes, D.G. was forced to strip and continued to be assaulted. During this time, the men asked for D.G.'s personal items and passwords to phones. Eventually D.G. was taken to an apartment in Tempe where he was blindfolded and placed in a closet. While in the closet, D.G. was cut, beaten, and burned. D.G. received burns to his genitalia and his hand was crushed, later requiring surgery. D.G. was then placed in a hot shower. While D.G. was in the shower, Butler asked him questions such as who D.G. could contact to get the men $30,000.

¶6        Eventually the men placed D.G. back in the Challenger and drove him to where the Gila River intersects with El Mirage Road by Phoenix Raceway. The men made D.G. get into the water, one of the men told him to run, and then a shot was fired. The men left and D.G. waved down an individual who contacted the authorities.

¶7        D.G. identified Butler's photo out of a photo lineup. Butler was arrested on November 19, 2021. At trial, cellular data was presented showing D.G. and Butler at Club Stratus at the same time around midnight on November 1. The cellular data also showed Butler and D.G. in the same area of Tempe later that morning when D.G. was being held at the Tempe apartment. Additionally, fingerprints obtained from the Charger matched Butler's.

¶8        At trial, D.G. testified that he knew Ware from high school but had not met or been in contact with Butler prior to November 1. But during trial video footage was discovered that showed D.G., who did contracts in real estate, showing Butler a property in July 2021. Another video was discovered during trial of D.G. backing a car into the driveway of the Phoenix house he was taken to after Club Stratus several months before the incident occurred. Cell records showed that D.G. and Butler had called each other in the weeks preceding the incident.

¶9        The defense moved for a dismissal based on the newly discovered video evidence. The superior court denied the motion, finding no prosecutorial misconduct. D.G. was recalled by the State to testify about the video evidence contradicting his previous testimony that he did not know Butler. D.G. disputed whether he had "met" Butler, but ultimately stated he had met Butler a few times before November 1.

¶10          After the close of the prosecution's evidence, Butler moved for a directed verdict, which the court denied. Following the conclusion of evidence, the jury found Butler guilty of kidnapping (count 1), armed robbery (count 3), and aggravated assault (counts 4, 5, 6, and 7).

¶11          The superior court conducted the sentencing hearing in compliance with Butler's constitutional rights and Arizona Rule of Criminal Procedure 26. Butler stipulated to the following aggravating factors: As to Counts 1, 3, 4, 5, 6, and 7, the offense involved the presence of an accomplice, the offense caused physical, emotional or financial harm to the victim, and Butler committed the offense while on probation for two separate felony convictions. As to counts 1 and 3, the offenses are dangerous offenses. The court sentenced Butler to 20 years imprisonment for count 1, 20 years imprisonment for count 3, 15 years imprisonment for count 4, 15 years imprisonment for count 5, 15 years imprisonment for count 6, and 15 years imprisonment for count 7. Based on Butler's age and the totality of circumstances the court ordered those sentences to run concurrently with one another, but consecutively to his probation violation (CR 2020-134749 and CR 2021-105210) matters. Butler received 337 days of presentence incarceration credit. The court imposed a $20.00 probation assessment, $20.00 time payment fee, $2.00 victim rights enforcement assessment, $13.00 criminal penalty assessment, and $9.00 to be paid to the victim rights/compensation fund.

¶12          Butler timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶13          We review the entire record for reversible error. *State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012). Counsel for Butler has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. However, in his supplemental brief, Butler argues that D.G. was found to have provided false testimony at trial and the false testimony violated his due process rights.

¶14          "Knowing use of perjured or false testimony by the prosecution is a denial of due process . . . ." *State v. Ferrari*, 112 Ariz. 324, 334 (1975). "The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears." *Napue v. Illinois*, 360 U.S. 264, 269 (1959). A witness contradicting himself or changing his story "does not create an inference . . . that the prosecutor

knowingly presented perjured testimony." *Bucci v. United States*, 662 F.3d 18, 40 (1st Cir. 2011). The credibility of a witness is an issue to be resolved by the jury. *State v. Scott*, 113 Ariz. 423, 425 (1976) (citations and internal quotation marks omitted).

¶15 Videos showing Butler and D.G. together prior to November 1 were discovered during trial. After this discovery, D.G. was called to testify again about his previous contact with Butler. Although D.G.'s statements contradicted his prior testimony, there is no evidence that the prosecutor knowingly solicited false testimony from D.G. The impact of the impeaching evidence on D.G.'s credibility as a witness was an issue for the jury and does not constitute reversible error.

¶16 We have read and considered counsel's brief and Butler's supplemental brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Butler at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order further briefing and affirm Butler's convictions and sentences.

¶17 Upon the filing of this decision, defense counsel shall inform Butler of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Butler shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶18 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA